**Salem**

JIMMIE DELANO BOYD

v.

BRENDA PLASTER BOYD

No. 0728-85

Decided March 4, 1986

COUNSEL

William Rogers McCall, for appellant.

Linda G. Tiller (Tiller & Tiller, on brief), for appellee.

OPINION

**COLEMAN, J.**—The sole question presented by this appeal is whether the trial court erred in awarding spousal support to the wife upon granting the husband a "no-fault" divorce. The thrust of appellant-husband's argument is two-fold: first, husband contends that the trial court erred in awarding the wife permanent spousal support since no appropriate pleading or motion for spousal support was tendered by the wife; and second, he contends that the trial court erred in not granting him a divorce based on desertion, or, in the alternative, erred in granting a "no-fault" divorce without making any findings as to "fault." Because we hold that it was error for the trial court to have awarded spousal support to a party whose pleadings requested no such relief, we do

not address appellant's challenge to the grounds for divorce which he raised solely to establish a bar to permanent spousal support.

After a marriage of twenty years, the husband, Jimmie Delano Boyd, filed a bill of complaint for divorce alleging willful desertion and abandonment by the wife, Brenda Plaster Boyd. Mr. Boyd requested custody of the parties' eight year old son but did not seek child or spousal support. Mrs. Boyd filed an answer denying willful desertion and a cross-bill for divorce alleging cruelty and constructive desertion, and praying for an award of child custody, child support and maintenance, attorney's fees and court costs, and an award of equitable distribution pursuant to Code § 20-107.3. The cross-bill contained no specific request for spousal support or maintenance, but did include a general prayer "for such other and further relief as to equity may seem meet and the nature of her case may require." No petition or motion requesting spousal support or maintenance *pendente lite* was filed, nor was any decree entered providing support during the pendency of the suit. Although counsel for both parties filed trial court memoranda, neither raised the issue of spousal support.

By letter opinion, the chancellor, without addressing or making any findings as to the parties' averments of willful desertion, cruelty or constructive desertion, granted the husband a final divorce "on the grounds of continuous and uninterrupted separation for a period in excess of one (1) year,"[1] granted custody of the child to Mr. Boyd and reasonable visitation rights to Mrs. Boyd, granted Mrs. Boyd the monthly sum of $130 as "separate maintenance and support," and made a monetary award to Mrs. Boyd for her interest in the marital estate. A decree incorporating the court's rulings was entered over Mr. Boyd's objection and this appeal, limited to the grounds affecting spousal support, followed.

■ Fundamental rules of pleading provide that no court can base its judgment or decree upon a right which has not been pleaded and claimed. *Potts* v. *Mathieson Alkali Works*, 165 Va.

---

[1] Code § 20-121.02 provides: "*Decree of divorce without amended bill.* — In any case where the ground for divorce from the bond of matrimony is set out in § 20-91(6) or where willful desertion or cruelty is the ground for divorce from bed and board and the bill of complaint prays for a divorce from bed and board, either party may move the court for a divorce from the bonds of matrimony on the grounds set out in § 20-91(9), if the statutory period set out therein has elapsed, and no amended bill of complaint or cross bill shall be required to be filed."

196, 207, 181 S.E. 521, 525 (1935). The office of pleadings is to give notice to the opposing party of the nature and character of the claim, without which the most rudimentary due process safeguards would be denied. *See Mullane* v. *Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). The rule is clearly stated in *Potts*:

> The basis of every right of recovery under our system of jurisprudence is a pleading setting forth facts warranting the granting of the relief sought. It is the *sine qua non* of every judgment or decree. No court can base its decree upon facts not alleged, nor render its judgment upon a right, however meritorious, which has not been pleaded and claimed. (citation omitted). Pleadings are as essential as proof, the one being unavailing without the other. A decree can not be entered in the absence of pleadings upon which to found the same, and if so entered it is void.

165 Va. at 207, 181 S.E. at 525.

The provision of Code § 20-107.1 that upon decreeing a divorce "the court may make such further decree as it shall deem expedient concerning the maintenance and support of the spouses" grants to the divorce court the power to award maintenance and support, but the exercise of such power remains dependent upon the pleadings having raised the issue. Jurisdiction in a divorce suit is purely statutory, *Watkins* v. *Watkins*, 220 Va. 1051, 1054, 265 S.E.2d 750, 752 (1980), and does not encompass broad equitable powers not conferred by statute. While the power to award spousal support and maintenance (formerly alimony) is given to a divorce court by statute, it can also be the basis of an independent suit in equity. *Latham* v. *Latham*, 71 Va. (30 Gratt.) 307, 338 (1878); Code § 16.1-241(L). However, the power of a court of equity to grant such further relief as necessary extends only to those powers required to effectually carry out its decrees in matters over which it has the power to act; it does not extend to an award of relief not raised by the pleadings. The general prayer in appellee's cross-bill for "further relief," in the absence of a pleading or motion requesting such relief, did not justify an award by the chancellor of spousal support.

Furthermore, the distinction between a cause of action which seeks merely to terminate a marriage and one which also

seeks spousal support involves fundamental due process issues which govern permissible means of service of process and determine the breadth and limitations of a court's power to grant the relief requested. A divorce suit in which the pleadings seek only to terminate a marriage is an *in rem* proceeding, but a proceeding seeking the entry of a decree for spousal support and maintenance is *in personam. Bailey* v. *Bailey*, 172 Va. 18, 21, 200 S.E. 622, 623 (1939). For us to hold that a pleading which seeks a divorce without requesting spousal support nevertheless empowers a court to award support would constitute an unwarranted modification of the nature of the cause of action, with potentially far-reaching effects. We decline to do so.

Accordingly, we reverse and vacate the trial court's award of spousal support to appellee.

*Reversed.*

Cole, J., and Moon, J., concurred.