## CIRCUIT COURT OF HENRICO COUNTY

Elaine Perrin

v.

Clifford Perrin

January 31, 1989

Case No. 86C1207

By JUDGE JOSEPH F. SPINELLA

Suit was filed by Elaine Perrin against Clifford Perrin for a divorce under the no fault statute. An answer was filed, and thereafter, the matter was referred to a Commissioner on a decree of reference which was then returned to the Court by the Commissioner with a report that the parties had reached a settlement. A petition for support was later filed and was to be heard on November 28, 1988. At that time, it was reported that a petition had been filed in the city to declare the defendant mentally incompetent. The Circuit Court of the City of Richmond found the defendant to be incompetent and appointed a committee for the defendant. The plaintiff obtained another date to be heard on her motion for support, and that matter came before the Court on January 30, 1989. The question was raised as to whether or not the committee was a necessary party to the divorce action and the support hearing, and/or whether it was necessary to appoint a guardian ad litem for the defendant in this matter.

Under Section 20-91(9)(a):

[Nor] shall it be a bar that either party has been adjudged insane, either before or after such separation has commenced, but at the expiration of one year or six months, whichever is

applicable, from the commencement of such separation, the grounds for divorce shall be deemed to be complete, and the committee of the insane defendant, if there be one, shall be made a party to the cause, or if there be no committee, then the court shall appoint a guardian ad litem to represent the insane defendant.

Even if the grounds for the divorce were desertion, then under § 20-93 if either party is declared to be insane, the committee must be joined as a party to the divorce suit. Under the case of *Boyd v. Boyd*, 2 Va. App. 16, 340 S.E.2d 578 (1986), it was declared that a divorce suit in which the pleadings seek only to terminate a marriage is an in rem proceeding, but a proceeding seeking the entry of a decree for spousal support and maintenance is *in personam*. It therefore seems quite clear that in order for the plaintiff to obtain a divorce, the committee must be joined as a party defendant.

The support of children is an obligation of both parents, and in the view of the Court, it is an *in personam* proceeding against the defendant in this matter. A committee was appointed for the defendant, and the Court is of the opinion that the provisions of §§ 37.1-139 and 37.1-141 apply in this case. The provisions of § 37.1-141 apply to any pending suits at the time of the qualifications of the committee, as well as to any suits or actions subsequently instituted and states that the action shall be defended by the committee.

In the view of the Court, the defendant will be before the Court through his committee, and since Mr. Wood is counsel of record for the defendant, it is not necessary to appoint a guardian ad litem in this case. In effect, Mr. Wood would represent the defendant and the committee as attorney, and no guardian ad litem is necessary. Therefore, if the plaintiff joins the committee of the defendant as a party defendant, the Court can then proceed to hear the divorce case and all of the property rights of the parties, as well as the questions of support for the wife and children of the parties.