COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


B. K. CRUEY
                                         MEMORANDUM OPINION[*]
v.   Record No. 1017-96-3                    PER CURIAM
                                         NOVEMBER 26, 1996
SHIRLEY ANN LAYMON


                FROM THE CIRCUIT COURT OF ROANOKE COUNTY
                    Barnard F. Jennings, Judge Designate

           (B. K. Cruey, pro se, on brief).

           (Charles N. Dorsey; Beth K. Roland; DLC Trial
           Lawyers,  on brief), for appellee.



     B. K. Cruey appeals the decision of the trial judge awarding

spousal support to his wife, Shirley A. Laymon, and deciding

other issues.  Husband contends the trial judge erred in

(1) awarding spousal support and ordering husband to pay wife's

dental and medical bills; (2) not awarding husband an interest in

the parties' marital property, not awarding husband his separate

property, and allowing wife to proceed with suit on two notes;

(3) finding the pre-marital agreement was valid.  Upon reviewing

the record and briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

decision of the trial court.  Rule 5A:27.

                Spousal Support and Dental/Medical Bills

     Husband contends the award of spousal support was not

───────────────

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

supported by the pleadings. The record establishes, however, that wife filed a bill of complaint seeking separate maintenance. By notice filed October 27, 1995, wife indicated her intention to seek "pendente lite relief including monies for the [wife's] support." Wife received an award of support pendente lite following the hearing on November 8, 1995. Cf. Boyd v. Boyd, 2 Va. App. 16, 18, 340 S.E.2d 578, 579 (1986). Furthermore, husband's amended cross-bill prayed that "matters of equitable distribution and support be determined."

Clearly, the issue of support was raised by the pleadings and addressed throughout the hearing. We hold, therefore, that the trial judge did not err in awarding support.

Husband also contends that wife's actions amounted to desertion and thus barred spousal support. Under the version of Code § 20-107.1 in effect at the time this action commenced, the only statutory bar to an award of permanent spousal support was adultery. The trial judge found, however, that neither party had proven fault.

Husband further contends the trial court failed to consider the statutory factors concerning support. However, the husband fails to identify the factors that were not considered and how those factors would have affected the trial court's determination. See Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). "Since this argument was not fully developed in the appellant's brief, we need not address this

2

question." Id. Similarly, husband presented no argument to support his contention that the trial judge erred in awarding payment on wife's medical and dental bills. Thus, we do not address this contention.

## Distribution of Property

"Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to support it." Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990). "Unless it appears from the record that the trial judge has not considered or has misapplied one of the statutory mandates, this Court will not reverse on appeal." Ellington v. Ellington, 8 Va. App. 48, 56, 378 S.E.2d 626, 630 (1989).

Both parties presented evidence and testimony concerning the distribution of property acquired before and during the parties' marriage. The trial court received the parties' evidence, heard them testify, and then made the following ruling:

> With respect to dividing up property and honoring the claims that each party alleges against the other, I really don't think there was any credible evidence that I can rely on one way or the other on either side, actually, so far as that part of it is concerned. The ruling that I'm making relating to that does not relate to the pending litigation on those two notes [from husband to wife]. . . . Again, the ruling would be that so far as offering any claims that [wife] makes against [husband], any claims that [husband] makes against [wife] . . . I don't think there is credible evidence to support it.

3

The parties failed to present sufficient evidence of their claims to warrant a deviation from the terms of the agreement signed by the parties. In that agreement, husband waived any interest in wife's property. Our review of the record does not indicate that the trial judge was plainly wrong in his assessment of the evidence or abused his discretion in conforming the equitable distribution decision to the terms of the parties' written agreement.

Husband also challenges the judge's decision to allow wife to proceed with her separate suit on two promissory notes signed prior to the marriage. We find no indication that husband raised this objection with specificity before the trial court. Therefore, we do not address it on appeal. Rule 5A:18. See Swann v. Commonwealth, 247 Va. 222, 229, 441 S.E.2d 195, 201, cert. denied, 115 S. Ct. 234 (1994).

## Pre-Marital Agreement

Husband preserved his objection to the award of spousal support on the grounds it contradicted the terms of the agreement. However, paragraph seven of the agreement specifically provides that "in the event of a separation, [wife] reserves all right by way of claims for support, alimony, attorney fees, costs, or division of property." Husband did not object to the judge's consideration of the agreement, the judge's finding that the agreement was valid, or the award of payments to wife beyond those set out in the agreement. Therefore, we do not

4

consider those issues on appeal.  Rule 5A:18.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.
