COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Elder and Fitzpatrick

GREGORY O. WIGGLESWORTH

MEMORANDUM OPINION*
v.   Record No. 2498-96-2                    PER CURIAM
APRIL 22, 1997
CARRIE F. WIGGLESWORTH

FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
William H. Ledbetter, Jr., Judge

(Joseph J. Ellis; Ellis & Ellis, on brief),
for appellant.

(Carrie F. Wigglesworth, pro se, on brief).


Gregory O. Wigglesworth (husband) appeals the decision of
the circuit court reserving spousal support for Carrie F.
Wigglesworth (wife).  Husband argues that the trial court erred
in reserving future spousal support because wife failed to
request a reservation of support in her pleadings.  Upon
reviewing the record and briefs of the parties, we conclude that
this appeal is without merit.  Accordingly, we summarily affirm
the decision of the trial court.  Rule 5A:27.

Wife was awarded spousal support by order of the juvenile
and domestic relations district court.  Husband commenced this
action in the circuit court, seeking to terminate the existing
order of spousal support.  Thus, this case commenced in the
circuit court in a significantly different procedural posture

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

than Boyd v. Boyd, 2 Va. App. 16, 340 S.E.2d 578 (1986), which husband relies upon as authority. In Boyd, the wife failed to request spousal support when she filed her initial pleadings in the circuit court, no order concerning spousal support was filed during the proceedings, and the issue was not raised by the parties in their trial memoranda. Id. at 18, 340 S.E.2d at 579. We ruled that the issue of spousal support was not raised in the pleadings and the trial court lacked jurisdiction to award relief not sought. Id. at 19, 340 S.E.2d at 580. See also Reid v. Reid, 24 Va. App. 146, 150, 480 S.E.2d 771, 773 (1997).

Here, the requested relief was the termination of support, which wife opposed. As noted by the trial court, "the parties and counsel adduced almost 200 pages of transcribed testimony primarily on the issue of spousal support." The trial court correctly noted that wife

> currently receives spousal support under a valid and final order of the juvenile court. She does not have to affirmatively plead for something she has already been awarded. It is [husband] who seeks relief in this case, by way of a termination of his spousal support obligation.

The court found that husband assumed responsibility for payments on a tax lien and the outstanding indebtedness on the car in wife's possession and that those were material changes which justified a termination in support. The court then noted that, "[i]f circumstances materially change again in the future, [wife] has the right, to be expressly reserved in the divorce decree, to

2

petition for a modification as provided by statute."

We find no error in the trial court's decision to grant husband's request to terminate support, but reserve wife's right to petition for support again in the future. Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>