COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


JACK J. JENKINS

MEMORANDUM OPINION*

v.   Record No. 2616-98-4                     PER CURIAM
                                              JUNE 15, 1999

NANCY ANN WHITEHEAD JENKINS


             FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                      Thomas D. Horne, Judge

              (Jon D. Huddleston; Sevila, Saunders,
              Huddleston & White, on brief), for appellant.

              (Mark B. Sandground; Curt M. Nichols;
              Sandground, Barondess, West & New, on brief),
              for appellee.


     Jack J. Jenkins appeals from a final decree of divorce

awarding his wife, Nancy Ann Whitehead Jenkins, spousal support

and deciding other issues.  The husband contends that the trial

judge erred in ruling that the issue of spousal support was

properly pleaded.  The husband also seeks attorney's fees and

costs associated with this appeal.  Upon reviewing the record and

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the decision of the trial

judge.  See Rule 5A:27.

_____

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

## Plea for Spousal Support

Husband contends that wife failed to properly plead the issue of spousal support and that the trial judge erred in reserving wife's right to seek spousal support in the future. Husband's argument is based, in part, upon the procedural peculiarities of this case.

The record establishes that the husband filed a Bill of Complaint for divorce in which he prayed, in pertinent part, that "to the extent any issues of support or property remain unresolved, that the [husband] be awarded relief pursuant to Section 20-107.1 and Section 20-107.3." The wife filed her Answer, Grounds of Defense, and Cross-Bill. In the Grounds for Defense, the wife asserted that there were unresolved "issues concerning support, assets and liabilities, which remain to be determined by the Court" and requested "that the Court resolve issues of support and property which remain unresolved." The husband filed a demurrer to the wife's cross-bill and a motion to strike wife's answer and grounds of defense. The trial judge sustained the husband's demurrer to the Amended Cross-Bill and granted the wife leave to file another amended Answer. The judge's order did not strike the grounds of defense. The wife filed an Amended Answer and Amended Cross-Bill of Complaint. The husband again successfully demurred to the cross-bill. However, the trial judge denied the husband's motion to strike the amended

- 2 -

answer, but instead granted leave to amend. The order did not address the grounds of defense. The wife filed several additional amended cross-bills and answers, all of which were challenged by the husband.

In his opinion letter dated June 25, 1997, the trial judge found that wife had sought spousal support in her grounds of defense, which remained pending despite the various orders sustaining the husband's demurrers to the bills of complaint and motions to strike the answers. In the divorce decree entered on October 3, 1997, the trial judge expressly reserved jurisdiction to determine spousal support and other issues by further decree. By final decree entered October 13, 1998, the trial judge found that "there was a pleading that was not stricken and was a part of the record of this cause, and the [wife] is awarded a reservation of spousal support." This appeal followed.

"'The power to decree a divorce is purely statutory.' Therefore, unless the 'prerequisites necessary for exercising that jurisdiction' are 'specifically pled[,] . . . the proceedings [are] a nullity.'" Reid v. Reid, 24 Va. App. 146, 150, 480 S.E.2d 771, 773 (1997) (citations omitted).

> Fundamental rules of pleading provide that
> no court can base its judgment or decree
> upon a right which has not been pleaded and
> claimed. The office of pleadings is to give
> notice to the opposing party of the nature
> and character of the claim, without which
> the most rudimentary due process safeguards
> would be denied.

- 3 -

Boyd v. Boyd, 2 Va. App. 16, 18-19, 340 S.E.2d 578, 580 (1986). Thus, the trial judge's exercise of the power to decree a divorce "remains dependent upon the pleadings having raised the issue." Id. at 19, 340 S.E.2d at 580.

The specific references to support set out in the pleadings distinguish this case from the general prayers for relief that we found to be insufficient in Boyd and Reid. Here, both parties raised the question of spousal support in their initial pleadings as an issue which remained to be resolved.

The husband correctly notes that a grounds of defense is a responsive pleading at law, not equity. See Rules 3:5 and 3:7. Nonetheless, we find no error in the trial judge's determination that the wife's plea for spousal support remained before the court.

The record reflects that the trial judge's order did not strike all of the wife's initial pleading. The order sustained the husband's demurrer to the portion of the pleading designated cross-bill, granted the wife leave to amend the portion of the pleading designated answer, and did not expressly address the portion of the wife's pleading that was designated grounds of defense, which contained a request for support and distribution of property. Thus, we cannot conclude that the wife's request for spousal support in her grounds of defense was stricken by the trial judge. Indeed, in that same order, the trial judge

- 4 -

awarded the wife <u>pendente</u> <u>lite</u> spousal support.  <u>Cf.</u> <u>Boyd</u>, 2 Va.
App. at 18, 340 S.E.2d at 579 (noting the absence of either a
request or order for <u>pendente</u> <u>lite</u> support).  Furthermore, when
the trial judge awarded <u>pendente</u> <u>lite</u> support the husband did
not object to the grounds of defense as a pleading inappropriate
to an action in equity.  The pleading was not challenged as to
form; it was not stricken, and it gave the husband notice of the
claim for support.  Therefore, we find no error in the trial
judge's reservation to the wife of a right to spousal support in
the future.

Attorney's Fees and Costs

Because we find husband's appeal to be without merit, we deny
his request for attorney's fees and costs incurred on this appeal.
<u>See</u> <u>O'Loughlin v. O'Loughlin</u>, 23 Va. App. 690, 479 S.E.2d 98
(1996).

Accordingly, the decree is summarily affirmed.

<u>Affirmed.</u>