COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Bumgardner and
          Senior Judge Hodges


JENNIFER DENISE (MERCER) LOWE
                                         MEMORANDUM OPINION*
v.    Record No. 0746-00-3                  PER CURIAM
                                          OCTOBER 24, 2000
CHARLES REESE LOWE


            FROM THE CIRCUIT COURT OF RUSSELL COUNTY
                 Donald A. McGlothlin, Jr., Judge

             (Teresa M. Chafin; Chafin and Chafin, P.C.,
             on brief), for appellant.

             (Felicia H. de Courcy; Henderson and de
             Courcy, P.C., on brief), for appellee.


     Jennifer Lowe (wife) appeals from an order of the Russell

County Circuit Court (circuit court) granting Charles Lowe's

(husband) motion to quash and denying wife's request for permanent

spousal support.  The circuit court ruled that it lacked

jurisdiction to award wife spousal support, but denied husband's

request for an award of attorney's fees.  As an additional

question presented, husband contends the circuit court abused its

discretion when it denied his request for attorney's fees.  See

Rule 5A:21.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

Accordingly, we summarily affirm the judgment of the circuit court.  <u>See</u> Rule 5A:27.

<u>Background</u>

On October 7, 1998, husband filed a bill of complaint in the Tazewell County Circuit Court seeking a divorce from wife.  In his bill of complaint, husband asked the court to award him spousal support.  Wife subsequently and successfully moved to have the case transferred to Russell County.  She did not, however, file any responsive pleadings.  On May 4, 1999, the circuit court entered a final decree wherein the court "reserved and preserved" jurisdiction "to adjudicate and enter such further decrees as to support (child [and] spousal), custody, visitation and equitable distribution."

On September 28, 1999, wife filed a notice of hearing for the purpose of moving the trial court to award her permanent spousal support.  Husband responded by filing a motion to quash, asserting that because wife had filed no pleadings requesting spousal support, the circuit court lacked jurisdiction to address the issue.

In a memorandum to the trial court in response to husband's motion to quash, wife attached a copy of an Answer and Cross-Bill she asserted she had mailed to the circuit court prior to entry of the final decree.  In that cross-bill, wife requested permanent spousal support.  The Answer and Cross-Bill were never filed in the circuit court.

-

At a January 21, 2000 hearing, counsel for husband represented to the court that she never received a copy of the pleading in question and was unaware of its existence until after wife filed her notice of hearing.  Wife responded that, prior to entry of the final decree, the parties had reached a "stipulation" and that, when the court reserved jurisdiction over spousal support, it was reserving jurisdiction over that issue as it pertained to both husband and wife.  Husband did not agree that such a stipulation had been reached.

The trial court ruled that it lacked jurisdiction to address the issue of spousal support because the divorce decree was final and wife had failed to seek spousal support by a pleading filed with the court.

### Jurisdiction

Code § 20-107.1

> grants to the divorce court the power to award maintenance and support, but the exercise of such power remains dependent upon the pleadings having raised the issue. Jurisdiction in a divorce suit is purely statutory, and does not encompass broad equitable powers not conferred by statute. . . . [T]he power of a court of equity to grant such further relief as necessary extends only to those powers required to effectually carry out its decrees in matters over which it has the power to act; it does not extend to an award of relief not raised by the pleadings.

Boyd v. Boyd, 2 Va. App. 16, 19, 340 S.E.2d 578, 580 (1986) (citations omitted).

-

In Boyd, the wife, in her cross-bill, had prayed for custody of the parties' son, child support, equitable distribution, and "'such other and further relief as to equity may seem meet and the nature of her case may require.'"  Id. at 18, 340 S.E.2d at 579.  Although the wife never specifically requested spousal support, the trial court nevertheless included a spousal support award to the wife in its final decree.  See id. at 18, 340 S.E.2d at 580.

In holding that the trial court lacked jurisdiction to award spousal support, we noted that "[f]undamental rules of pleading provide that no court can base its judgment or decree upon a right which has not been pleaded and claimed."  Id. Recognizing the due process implications of permitting a trial court to award relief that had not been pled, we concluded: "For us to hold that a pleading which seeks a divorce without requesting spousal support nevertheless empowers a court to award support would constitute an unwarranted modification of the nature of the cause of action, with potentially far-reaching effects.  We decline to do so."  Id. at 20, 340 S.E.2d at 581.

In the present case, wife never filed a pleading wherein she sought an award of spousal support.  As a result, at the time it entered the final decree, the circuit court lacked jurisdiction to enter such an award in favor of wife.  And the court could not create such jurisdiction merely by stating in

-

the decree that it was reserving jurisdiction over the issue.[1]
Although wife asserts that the parties had reached a
"stipulation" and that it was understood that the reservation of
jurisdiction over spousal support applied to husband and wife,
the record is insufficient to support such an inference.
Accordingly, the circuit court did not err in ruling that it did
not have jurisdiction to award spousal support to wife.

### Attorney's Fees

Relying on Code § 8.01-271.1, husband asserts the circuit
court abused its discretion by refusing his request for an award
of attorney's fees.  Under that code section, if a pleading or
motion is not "well grounded in fact and . . . warranted by
existing law or a good faith argument for the extension,
modification, or reversal of existing law," then the trial court
must impose sanctions, which may include an award of attorney's
fees.  Code § 8.01-271.1.  A trial court's decision denying an
award of attorney's fees under Code § 8.01-271.1 will not be
reversed absent an abuse of discretion.  See Bandas v. Bandas,
16 Va. App. 427, 437, 430 S.E.2d 706, 711 (1993).

Wife learned prior to the January 21, 2000 hearing that her
Answer and Cross-Bill had never been filed with the circuit
court.  But she also asserted that the parties had agreed that

---

[1] The circuit court was entitled to reserve jurisdiction over the issue of spousal support as it applied to husband because he had specifically prayed for such relief in his bill of complaint.

-

wife would be allowed to pursue a claim for spousal support and that the reservation of jurisdiction in the final decree applied not only to husband, but also to her. Under the circumstances, we cannot say the trial court abused its discretion when it denied husband's motion for attorney's fees.

Husband's request for attorney's fees and his costs on appeal is denied.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.