COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Benton and Annunziata
Argued at Alexandria, Virginia


PETER W. PANTAZES

MEMORANDUM OPINION[*] BY
v.    Record No. 0129-00-4    JUDGE JAMES W. BENTON, JR.
DECEMBER 5, 2000

PATRICIA K. DREW PANTAZES


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
M. Langhorne Keith, Judge

Chanda L. Kinsey (Kinsey, Lynch & Filipour,
on briefs), for appellant.

Michael A. Ward (Gannon, Cottrell & Ward,
P.C., on brief), for appellee.


Peter W. Pantazes appeals the final decree of divorce in which the trial judge awarded spousal support to his wife, Patricia K. Drew Pantazes, and distributed the couple's marital property. He presents five issues for review. We affirm the trial judge's ruling on all issues.

I.

The evidence proved that the parties were married in 1981, that the husband attempted but failed to start a business between 1981 and 1984, and that he returned to work in 1986. He then held various jobs until 1991 when he began employment with the Department of Housing and Urban Development, where he still works.

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The wife was employed at the Small Business Administration before the marriage. During the marriage, she was employed in various positions until 1989 when she became disabled. In 1992, she began receiving disability checks.

The parties purchased a condominium in 1987. The husband testified that after he moved away in March 1994, he continued to make payments on the condominium in the amount of $1,000 a month until November 1997. He ceased making payments on the marital home after the wife inherited a substantial sum from her mother.

In the final decree, the trial judge ordered, inter alia, that the wife would receive 60% of the jointly owned condominium, that she would have the right to purchase the husband's share of the condominium, and that the husband should immediately transfer 50% of his interest in the Thrift Savings Plan to the wife. The judge also ordered that the wife would receive $1,000 a month in spousal support and that the husband must pay $15,000 of the wife's attorney's fees.

## II.

The husband argues that the trial judge erred in allowing the wife to amend her cross-bill of complaint on the day of trial to include a request for spousal support and in awarding spousal support even though the wife never filed an amended pleading.

The record establishes that the husband filed a bill of complaint on November 12, 1997, seeking a divorce a vinculo matrimonii. The wife filed an answer and a cross-bill of

-

complaint. Although both parties asked for a distribution of the marital property in their pleadings, neither requested spousal support. In January 1999, the wife filed a motion for spousal support pendente lite and a notice of hearing. The husband testified that he began paying spousal support of $375 per month in April 1999 following the pendente lite hearing. Several months later, the wife filed a notice to set a hearing on all the issues in the case, including "spousal support." The parties then agreed to a trial date on those issues.

Prior to the taking of evidence at trial, the husband sought sanctions for the wife's failure to provide discovery and moved to bar evidence regarding spousal support because the pleadings did not request spousal support. Arguing that pendente lite support had been awarded and that the parties had engaged in discovery concerning spousal support, the wife orally moved "to amend [the] pleadings to make a request for permanent spousal support." The wife indicated she would not oppose a continuance if the husband required additional preparation as a result of her motion.

The trial judge found that the husband "can[not] claim surprise that support is an issue when there has been the amount of discovery in this case, and . . . unobjected to pendente lite [support]." He granted the oral motion to amend the pleadings and also ruled, however, that the wife was precluded from asserting that she received from her mother's estate less than $228,348, which was the amount represented by husband's counsel.

-

We have previously held that a court may not award support without a request in the pleadings. Boyd v. Boyd, 2 Va. App. 16, 19, 340 S.E.2d 578, 580 (1986). "The office of pleadings is to give notice to the opposing party of the nature and character of the claim, without which the most rudimentary due process safeguards would be denied." Id. Whether to grant an amendment to pleadings, however, is a matter resting within the sound discretion of the trial judge. Kole v. City of Chesapeake, 247 Va. 51, 57, 439 S.E.2d 405, 409 (1994). Furthermore, Rule 1:8 provides that "[l]eave to amend shall be liberally granted in furtherance of the ends of justice."

The record supports the trial judge's rulings that the husband had notice that spousal support would be an issue and that the husband was not prejudiced by allowing this amendment. The record establishes the parties exchanged information regarding income and expenses, and it supports the trial judge's ruling that the discovery was sufficient to allow the husband to contest the spousal support issue. Furthermore, the husband made no showing at the hearing that he needed additional discovery. When the wife offered to agree to a continuance, the husband did not assert that he needed more discovery. Accordingly, we hold that the trial judge did not abuse his discretion in allowing the wife to amend her pleading on the day of trial.

-

Furthermore, the absence of a written amended pleading does not void the final decree. If the office of the pleading is to provide notice, then the husband received sufficient notice of the spousal support issue through the correspondence with the wife's counsel and the notice to set a hearing date for spousal support issues. The holding in Boyd does not affect our ruling on this issue because in that case no party ever gave notice of a request for spousal support in any form. Here, the wife gave notice of her intent to request support.

### III.

The husband argues that the trial judge abused his discretion in his evidentiary findings and, consequently, in ordering equitable distribution of marital property and spousal support in accordance with the factors listed in Code §§ 20-107.1 and 20-107.3.

When a judge makes findings in a divorce proceeding in which the parties present evidence ore tenus, those findings "are entitled to the weight of a jury verdict and will not be disturbed unless they are plainly wrong or without evidence to support them." Lapidus v. Lapidus, 226 Va. App. 575, 580, 311 S.E.2d 786, 789 (1984). This principle applies particularly where the credibility of witnesses is crucial to the determination of facts and the trial judge makes findings based upon an evaluation of the testimony of those witnesses. Gottlieb v. Gottlieb, 19 Va. App. 77, 83, 448 S.E.2d 666, 670 (1994). In the present case, the

-

judge stated that "the credibility of witnesses is key to the court's decision," and he found that "[the husband] was – to put it mildly – not a credible witness."

The husband argues nevertheless that the trial judge erred in determining his contributions to the marriage, monetary and non-monetary, as required by Code §§ 20-107.1(E)(6) and 20-107.3(E)(1). The husband emphasizes his employment history, in particular. The trial judge found, however, that "[t]he evidence was very clear that [the husband], in essence, was unemployed from the time of the marriage until 1991. . . . [I]t wasn't until 1991 that he went to work for the federal government at a significant wage." The husband claims that such conclusions ignore the fact that he returned to work in 1986 and that he supported his wife after her disability.

Because the husband acknowledges that he was essentially unemployed for the first five years of the marriage and because of the limited salary of his employment before working for the federal agency, the judge found that the husband's pre-1991 employment was "marginal." Furthermore, the judge relied on other evidence of contributions, such as the wife's steady employment history until the time of her disability and her receipt of disability payments after that time. For these reasons, we cannot say that the judge erred in finding that the contributions factors favored the wife.

-

In determining the "standard of living established during the marriage," see Code § 20-107.1(E)(2), the trial judge found that the parties had maintained a high standard of living and "ran in . . . high political circles." The husband argues that the wife's political appointment preceded the marriage and that the only evidence on the issue indicated that their lifestyle was "modest." This characterization, however, came from the husband's testimony, which the trial judge found not to be credible. Furthermore, other testimony supports the trial judge's finding that the standard of living was "above normal" and provides other examples of the couple's social and volunteer activities. Therefore, the judge's rulings were not plainly wrong or without evidence to support them.

The husband also argues that the trial judge impermissibly ignored evidence that the wife had inherited income of $228,348 invested at a 10.4% interest rate and, therefore, the judge erred when he determined the obligations, needs and financial resources of the parties and their property interests, in accordance with Code § 20-107.1. The husband claims that the judge's actions constitute impermissible refusal to consider all the factors.

Before trial, the judge sanctioned the wife for refusing to respond to discovery requests and ruled that the wife could not present evidence that she had received less than $228,348 from her mother's estate. Precluding the wife from presenting evidence on this issue did not bind the judge to find the husband's evidence

-

credible.  For instance, the husband's evidence that the wife had $228,348 included bank statements that were several years old; one was from January 1984.  Thus, there was not "sufficient evidence" for the judge "to classify or evaluate marital or separate property," and the trial judge was free to ignore this evidence. Bowers v. Bowers, 4 Va. App. 610, 618, 359 S.E.2d 546, 551 (1987).

The husband also argues that the judge should not have found him to be less credible than the wife.  On brief and at oral argument the husband speculated that the trial judge was affected more by the impeachment of the husband than of the wife because his impeachment occurred on the witness stand and hers occurred in documents submitted to the court.  We will not presume the trial judge decided the issues in this case in this manner.  The trial judge has the discretion to believe or disbelieve evidence as long as his findings have a credible basis.

The husband makes similar arguments regarding the tax consequences of the property distribution, the age of the parties, the date of acquisition of the condominium, the wife's income and expenses, and the debts of the parties at the time of separation. We find that the trial judge corrected any significant errors that he made prior to issuing the final decree, that any remaining errors were harmless, and that the trial judge correctly made rulings based upon the credibility of the parties.  See McDavid v. McDavid, 19 Va. App. 406, 413, 451 S.E.2d 713, 718 (1994).

-

IV.

The husband next contends that the trial judge erred in ignoring the parties' stipulation that the wife shall receive a 50% share of his Thrift Savings Plan, "if as and when received." Instead, the trial judge ordered an immediate transfer of this asset.  The husband argues that this ruling violates Code § 20-109.1 (providing for the affirmation of separation agreements between parties) and Hart v. Hart, 27 Va. App. 46, 62, 497 S.E.2d 496, 503-04 (1998) (holding that a trial judge may not enter a decree that is inconsistent with a valid agreement of the parties).  The husband's argument is not persuasive.

During the husband's testimony acknowledging he had a savings plan, the following occurred:

> Q.  All right, sir.  Do you also participate in the Thrift Savings Plan?
>
> A.  Yes, sir.
>
> Q.  Have you participated in the Thrift Savings Plan since the beginning of your employment in 1991?
>
> A.  Yes, sir.
>
> [Husband's Counsel]:  Your Honor, just to let the court know, my client will not object to [the wife] receiving 50 percent of the marital share of those plans.
>
> THE COURT:  All right.
>
> [Wife's Counsel]:  If as of and when he receives it?
>
> [Husband's Counsel]:  If as of and when he receives it.

-

Although the parties said they would split evenly this interest "if as . . . and when . . . receive[d]," no evidence proved this asset was anything other than one immediately available to the husband. The trial judge stated that the intent of this agreement was "to do a normal marital share split." Thus, he ruled that the interest in the plan "is going to be transferred right now, that is what you do with thrift savings plans. . . . [T]here is no if, as, and when as to a thrift savings plan."

The judge did not violate either the law or the stipulation of the parties. The trial judge simply ruled concerning when the moneys were available to the husband. The judge found that the intent of the parties was to transfer the interest when it was available. No evidence proved the funds were not immediately available to the husband without discount. Thus, the trial judge ruled in his discretion that the husband should receive and transfer the interest immediately.

V.

The husband contends the trial judge should have ordered the wife to re-finance the condominium mortgage to diminish her need for spousal support. He argues that the judge's refusal to do so, coupled with the decision to allow the wife to purchase the husband's share of the condominium, was an abuse of discretion. We disagree.

In Gamble v. Gamble, 14 Va. App. 558, 421 S.E.2d 635 (1992), we found an abuse of discretion when the trial judge

-

linked the distribution of property under Code § 20-107.3 directly to the award of spousal support under Code § 20-107.1. We ruled that the trial judge erred when he "fashioned" a spousal support award "primarily for [the] purpose" of providing "the financial means by which [the wife] could satisfy the monthly mortgage obligations on the marital property she sought and received under the provisions of Code § 20-107.3." 14 Va. App. at 576, 421 S.E.2d at 646. We noted that maintaining an appropriate separation "prevents a 'double dip' by a spouse who seeks and receives encumbered property under Code § 20-107.3 and also seeks and receives spousal support under Code § 20-107.1." 14 Va. App. at 577, 421 S.E.2d at 646-47.

In this case, although the trial judge ordered the spousal support award at the same hearing at which he ordered the parties to sell the home, he did not link the two. Responding to the wife's request, he later amended that ruling to allow the wife to retain the home and purchase the husband's share. Thus, the order of spousal support preceded the wife's purchase of the home. These facts distinguish this case from Gamble. We can determine no impermissible connection between the spousal support award in this case and the mortgage payments. Although a reduction in the wife's mortgage payment might bear upon the wife's expenses, and, thus, be a factor in her need for spousal support, we cannot say the trial judge abused his discretion in refusing to order the refinancing of the existing mortgage.

-

VI.

The husband contends that the trial judge abused his discretion in ordering him to pay the wife's attorney's fees. The husband argues that the wife's recalcitrance in responding to discovery requests and in answering questions at her deposition added significantly to the legal bills she accumulated.  He also argues that her financial resources exceed his.

An award of attorney's fees in a divorce case is a matter within the sound discretion of the trial judge, and we will not disturb such a decision absent an abuse of discretion.  Broom v. Broom, 15 Va. App. 497, 502, 425 S.E.2d 90, 93 (1992).  If a "'wife needs and is entitled to maintenance and support and the husband has the financial ability to meet those needs,'" then the trial judge has the authority to award attorney's fees to the wife.  Poliquin v. Poliquin, 12 Va. App. 676, 681, 406 S.E.2d 401, 405 (1991) (quoting Thomas v. Thomas, 217 Va. 502, 505, 229 S.E.2d 887, 890 (1976)).

The trial judge found that the wife's income was substantially less than the husband's because of her disability. In arguing that the wife's resources surpass his own and, therefore, she should pay her own attorney's fees, the husband is merely asking us to revisit the substantive issues in the case.  The trial judge's findings were based on the evidence in

-

the case.  Thus, we find no abuse of discretion in the award of attorney's fees to the wife.

For these reasons, we affirm the judgment.

<u>Affirmed</u>.