COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Kelsey and Senior Judge Hodges


CARINMA T. LAWSON

                                    MEMORANDUM OPINION*
v.    Record No. 0362-03-1              PER CURIAM
                                      JUNE 24, 2003
JAMES R. LAWSON, III


            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                      Jerome James, Judge

        (Carinma T. Lawson, pro se), on brief.

        No brief for appellee.


    Carinma T. Lawson, wife, appeals a decision of the trial

court refusing her request for a spousal support award.  Upon

reviewing the record and opening brief, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

decision of the trial court.  See Rule 5A:27.

    The parties were married in 1992.  On October 11, 2002,

James R. Lawson, III, husband, filed a bill of complaint for

divorce from wife.  In her answer to the bill of complaint, wife

did not request spousal support.  The record contains no petition

or motion filed by wife requesting spousal support.

    The written statement of facts indicates that, at a hearing

held on January 7, 2003, wife asked the trial court for spousal

    * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

support.  The trial court denied wife's request, stating that because she had failed to request spousal support in her answer to the bill of complaint, the matter was not properly before the court.

> "No court can base its decree upon facts not alleged, nor render its judgment upon a right, however meritorious, which has not been pleaded and claimed. . . .  Pleadings are as essential as proof, the one being unavailing without the other.  A decree can not be entered in the absence of pleadings upon which to found the same, and if so entered it is void."

Boyd v. Boyd, 2 Va. App. 16, 19, 340 S.E.2d 578, 580 (1986) (citation omitted).

> The provision of Code § 20-107.1 that upon decreeing a divorce "the court may make such further decree as it shall deem expedient concerning the maintenance and support of the spouses" grants to the divorce court the power to award maintenance and support, but the exercise of such power remains dependent upon the pleadings having raised the issue.

Id.

Wife never filed a pleading wherein she sought an award of spousal support.  As a result, the trial court could not enter such an award in favor of wife.  Therefore, the trial court did not err in its ruling.

Wife raises several other issues in her brief which the record does not show she presented to the trial court.  The issues are:  whether the trial court erred in processing the case as a first class divorce according to the local rules of

-

the Circuit Court of the City of Norfolk; whether the trial court considered "the ends of justice as it related to inequality of representation;" and whether "the manner in which the trial court obtained the judgment induce[d] . . . [wife] to consent to a judgment, preventing an opportunity for the fair submission of all matters of equity."

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18. Accordingly, Rule 5A:18 bars our consideration of these questions on appeal. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

Accordingly, the decision of the trial court is summarily affirmed.

Affirmed.

-