COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Bumgardner and Kelsey
Argued at Alexandria, Virginia


KELLY ELIZABETH KLEIN

MEMORANDUM OPINION[*] BY
v.    Record No. 2826-02-4    JUDGE RUDOLPH BUMGARDNER, III
JULY 8, 2003
GEORGE JOHN KLEIN, JR.


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Herman A. Whisenant, Jr., Judge

T. James Binder for appellant.

Kathleen Latham Farrell (Farrell & Croft,
P.C., on brief), for appellee.


The trial court granted a divorce to Kelly Elizabeth Klein
and George John Klein, Jr. on the grounds of a one-year
separation. The wife appeals the denial of spousal support and
the failure to award her a portion of the husband's pension.
Concluding the trial court acted within the parameters of its
discretion, we affirm.

The parties married in 1985, had two children, and
separated January 8, 1999. The wife filed a bill of complaint
for divorce February 12, 1999. The bill of complaint did not
request spousal support. The cause came for final hearing in

    * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

September 2002 on the report of the commissioner in chancery and to determine equitable distribution, custody, and support. During her opening remarks, the wife asked for spousal support in the amount she had received as pendente lite support. The husband objected to an award of spousal support because the wife had not pleaded the issue. The wife responded that support had been awarded pendente lite and that she had made a general prayer for such further relief as the court deemed appropriate. The trial court ruled the issue was not properly pleaded.

After the lunch recess, the wife moved the court to reconsider its decision. She referred to a motion filed November 1, 1999 that requested pendente lite support and concluded with a prayer for "spousal support pendente lite and permanently . . . ." She argued the phrase "and permanently" constituted a sufficient pleading of the issue. In the alternative, she moved to amend orally her bill of complaint.

The trial court ruled that it could only award the relief when the pleadings raised the issue and that the general prayer for further relief did not, by itself, justify an award of spousal support. The trial court relied on Boyd v. Boyd, 2 Va. App. 16, 340 S.E.2d 578 (1986). The trial court then denied the request to amend the pleading. It distinguished the facts from those in Pantazes v. Pantazes, No. 0129-00-4 (Va. Ct. App.

December 5, 2000), upon which the wife relied.[1]  In this case, no transcript existed of the contested pendente lite hearing in 1999 that might have showed previous counsel acknowledged the issue.  The trial court also noted that the discovery conducted would not have put the husband on notice of the claim for spousal support.

In Boyd, the wife filed a cross-bill for divorce that included a request for custody, child support, and maintenance. Although the wife did not request spousal support, the trial court awarded it.  This Court held that a general prayer for "further relief" did not justify an award of spousal support. To hold otherwise "would constitute an unwarranted modification of the nature of the cause of action, with potentially far-reaching effects."  2 Va. App. at 20, 340 S.E.2d at 581. "[N]o court can base its judgment or decree upon a right which has not been pleaded and claimed."  Id. at 18, 340 S.E.2d at 580.  "'Pleadings are as essential as proof, the one being unavailing without the other.'"  Id. at 19, 340 S.E.2d at 580 (quoting Potts v. Mathieson Alkali Works, 165 Va. 196, 207, 181 S.E. 521, 525 (1935)).  Boyd controls this case.

---

[1] In Pantazes, the wife requested spousal support pendente lite, and the husband did not object.  When the court granted the wife's motion to amend, the husband suffered no surprise and did not request a continuance.  Under those facts, the trial court did not abuse its discretion in granting the motion.

- 3 -

The wife maintains <u>Boyd</u> did not preclude an amendment of her bill of complaint and Rule 1:8 encourages liberal amendment of the pleadings. However, neither <u>Boyd</u> nor Rule 1:8 requires the trial court to grant the amendment. Permission to amend pleadings rests within the sound discretion of the trial court. <u>Kole v. City of Chesapeake</u>, 247 Va. 51, 57, 439 S.E.2d 405, 409 (1994). That decision will not be disturbed absent an abuse of discretion. <u>Alphin v. Alphin</u>, 15 Va. App. 395, 400, 424 S.E.2d 572, 575 (1992).

In this case, the wife filed her initial pleading in February 1999. At no point in the record, which involved multiple attorneys and numerous pleadings, did she ever request permanent spousal support. She never sought to amend her complaint before the final two-day hearing commenced in September 2002. Opposing counsel was surprised by the claim, and the wife gave no reason or justification for her delay and failure to plead. While the facts of this case may have permitted an amendment, they did not mandate one. The decision was an appropriate exercise of discretion.

The wife also maintains the trial court erred in failing to award her any portion of the husband's pension. She argues the ruling precluded her "from any significant return for her contribution to the marital pension asset." The division of the marital estate, including any pension, is a matter of the

exercise of sound discretion by the trial court.  Code § 20-107.3.

The couple did not have many assets to divide.  The wife earned $22,000, and the husband earned $56,000.  After they separated, the wife lived in the marital residence.  It had a market value of $279,000 but had liens of more than $250,000.  They included a mortgage arrearage of $65,425 that the wife incurred while living there after the separation.  During the separation, the wife had received $24,000 in child and spousal support while the husband had discharged $45,000 in other marital debts.  The trial court awarded the residence to the wife and the $21,089 pension to the husband.  It also ordered him to pay $2,800 in marital income tax debt.  The trial judge took the statutory factors into consideration.  We cannot say the trial court abused its discretion when it allocated the two assets among the parties rather than splitting their value between them.

Finding the trial court did not abuse its discretion, we affirm.

Affirmed.