COURT OF APPEALS OF VIRGINIA

Present:  Judges Frank, Petty and Senior Judge Haley
Argued at Alexandria, Virginia


THOMAS J. SHEA, JR.

                                           MEMORANDUM OPINION* BY
v.       Record No. 0399-13-4          JUDGE WILLIAM G. PETTY
                                           DECEMBER 3, 2013
TERESA A. SPINICCI


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Michael F. Devine, Judge

Marc A. Astore (Marc A. Astore, P.C., on briefs), for appellant.

Mehagen D. McRae (Roeder, Cochran & Haight, PLLC, on brief),
for appellee.


Thomas Shea ("husband") appeals the trial court's awarding of attorney's fees and costs in a

child support modification matter to Teresa A. Spinicci ("wife").  On appeal, husband argues that

the trial court erred by awarding attorney's fees and costs to wife when she had not filed any

responsive or counter pleadings requesting the fees and costs in the child support modification

proceeding.  For the following reasons, we agree.[1]  Therefore, we reverse the trial court's award of

attorney's fees to wife.

I.

Because the parties are fully conversant with the record in this case and this memorandum

opinion carries no precedential value, we recite below only those facts and incidents of the

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Husband also argued that the award of attorney's fees was contrary to the provisions of the
parties' Agreement.  Because we conclude that wife failed to properly request an award of
attorney's fees, we need not decide this issue.

proceedings as are necessary to the parties' understanding of the disposition of this appeal. On September 6, 2012, husband filed a petition for modification of child support. In his petition, husband also requested attorney fees and costs. Wife did not file a responsive pleading. On January 2, 2013, the trial court heard the child support matter. At the hearing, wife orally requested her attorney's fees and costs. Husband objected to introduction of evidence regarding wife's attorney's fees. In his objection, husband noted that wife failed to file a pleading requesting any type of relief; therefore, wife was not in a proper position to ask for fees. The trial court stated, "With that, well, we'll address that issue later maybe, but with the amount and reasonableness not at issue, proceed. And I'll take your objection under advisement." The trial court then accepted into evidence an affidavit showing wife's attorney's fees "with retention of [husband's] objection on whether she can even ask for fees subject to further argument." Wife argued that an award of attorney's fees was supported by the language of the property settlement agreement ("Agreement")[2] because it allowed such awards for "seeking and/or opposing a modification of child support or child custody." The trial court noted that the Agreement allows a party to seek attorney's fees but does not require the award of such fees. Wife additionally argued that she was seeking to enforce the already-existing child support order.[3] The trial court, however, interpreted the enforcement provision of the

---

[2] Section 23.C of the Agreement states:

> Nothing contained herein will bar or prevent either party from seeking an additional award of counsel fees and costs (including but not limited to reasonable legal fees, court costs, investigator fees, and travel) in the event of breach of the provisions of this Agreement or seeking and/or opposing a modification of child custody or child support.

[3] Section 24 of the Agreement states:

> The parties agree that if one party incurs any expenses in the successful enforcement of any of the provisions of this Agreement, the other party will be responsible for and will pay forthwith any and

Agreement as applying to a show cause rule and concluded that "[t]his is not an enforcement action." Nevertheless, finding that it was "entirely within [its] discretion," the trial court awarded attorney's fees and costs to wife. Husband timely appealed the award of wife's attorney's fees.

II.

"On appeal, we view the evidence in the light most favorable to . . . the party prevailing below, 'and grant all reasonable inferences fairly deducible therefrom.'" Johnson v. Johnson, 56 Va. App. 511, 513-14, 694 S.E.2d 797, 799 (2010) (quoting Anderson v. Anderson, 29 Va. App. 673, 678, 514 S.E.2d 369, 372 (1999)).

"An award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." D'Ambrosio v. D'Ambrosio, 45 Va. App. 323, 344, 610 S.E.2d 876, 886 (2005). "[T]he abuse of discretion standard requires a reviewing court to show enough deference to a primary decisionmaker's judgment that the court does not reverse merely because it would have come to a different result in the first instance." Lawlor v. Commonwealth, 285 Va. 187, 212, 738 S.E.2d 847, 861 (2013) (quoting Evans v. Eaton Corp. Long Term Disability Plan, 514 F.3d 315, 322 (4th Cir. 2008)). However, "the law often circumscribes the range of choice available to a court in the exercise of its discretion." Id. at 213, 738 S.E.2d at 861. "'The abuse-of-discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions.'" Id. (quoting Landrum v. Chippenham & Johnston-Willis Hosps., Inc., 282 Va. 346, 357, 717 S.E.2d 134, 139 (2011) (Millette, J., concurring)). Accordingly, we will not reverse an award "[u]nless it appears from the record that the [trial court] has abused [its] discretion, . . . has not considered or misapplied one of the statutory

---

all reasonable expenses incurred, including but not limited to legal fees, court costs, investigator's fees, and travel.

mandates, or that the evidence fails to support the findings of fact underlying [the] resolution of the conflict." Smoot v. Smoot, 233 Va. 435, 443, 357 S.E.2d 728, 732 (1987).

Code § 20-109(C) provides that where a property settlement agreement has been signed, "no decree or order directing the payment of support and maintenance for the spouse, suit money, or *counsel fee* or establishing or imposing any other condition or consideration, monetary or nonmonetary, shall be entered except in accordance with that stipulation or contract." (Emphasis added); see also Rutledge v. Rutledge, 45 Va. App. 56, 62, 608 S.E.2d 504, 507 (2005) ("'[Code] § 20-109 restricts the court's jurisdiction over awarding 'alimony, suit money, or counsel fee' to the terms of the contract.'" (citations omitted)).[4] Here, the Agreement authorized the trial court to award relief in the form of attorney's fees. However, most types of judicial relief are available only when specifically requested by a party in a pleading.

> The basis of every right of recovery under our system of jurisprudence is a pleading setting forth facts warranting the granting of the relief sought. It is the *sine qua non* of every judgment or decree. No court can base its decree upon facts not alleged, nor render its judgment upon a right, however meritorious, which has not been pleaded and claimed.

Potts v. Mathieson Alkali Works, 165 Va. 196, 207, 181 S.E. 521, 525 (1935). "'Fundamental rules of pleading provide that no court can base its judgment or decree upon a right which has not been pleaded and claimed.'" Fadness v. Fadness, 52 Va. App. 833, 843, 667 S.E.2d 857, 862 (2008) (quoting Boyd v. Boyd, 2 Va. App. 16, 18, 340 S.E.2d 578, 580 (1986)). "The office of pleadings is to give notice to the opposing party of the nature and character of the claim, without which the most rudimentary due process safeguards would be denied." Boyd, 2 Va. App. at 19, 340 S.E.2d at 580. This Court has consistently held that pleadings must contain specific prayers for relief in order for a

---

[4] Because the Agreement is the controlling document, wife's reliance on the provisions governing an award of attorney's fees contained in Code §§ 20-78.2 and 20-79(b) is misplaced.

- 4 -

court to obtain subject matter jurisdiction over the request. Fadness, 52 Va. App. at 844-45, 667 S.E.2d at 863.

Thus, in Boyd, this Court found insufficient a pleading that contained only a general prayer for relief, with no specific request for spousal support or maintenance. Boyd, 2 Va. App. at 20, 340 S.E.2d at 581. Likewise, in Reid v. Reid, 24 Va. App. 146, 150, 480 S.E.2d 771, 773 (1997), this Court found that a vague request for the court to "decree that the plaintiff and defendant be perpetually protected in their persons and property" was insufficient for obtaining jurisdiction over the issue of spousal support. "In both [Boyd and Reid], this Court held that 'the absence of a specific request for an adjudication of spousal support precluded the court from obtaining jurisdiction over the subject matter." Fadness, 52 Va. App. at 844, 667 S.E.2d at 863.

While "the requirements for pleading are not so strict as to demand specificity beyond that necessary to 'clearly [inform] the opposite party of the true nature of the claim or defense' pled," O'Rourke v. Vuturo, 49 Va. App. 139, 147, 638 S.E.2d 124, 128 (2006) (quoting Rule 1:4(d)), it is fundamental that "notice pleading principles require fair warning of the general form of relief sought." Id. Here, wife neither filed a responsive pleading nor provided any other notice that she was seeking attorney's fees pursuant to the Agreement.[5] Wife's failure to provide notice of the nature and character of her claim, either in a pleading or otherwise, "precluded the court from obtaining jurisdiction over the subject matter." Fadness, 52 Va. App. at 844, 667 S.E.2d at 863. Therefore, the trial court lacked jurisdiction to award attorney's fees pursuant to the Agreement.

---

[5] We recognize that, in the absence of a request for affirmative relief, the Rules do not require wife to file a responsive pleading in response to a motion to modify child support.

- 5 -

III.

We recognize that Rule 3:25 of the Rules of the Supreme Court of Virginia addresses claims for attorney's fees in civil actions. This rule, which was adopted effective May 1, 2009, states in part:

> A party seeking to recover attorney's fees shall include a demand therefor in the complaint filed pursuant to Rule 3:2, in a counterclaim filed pursuant to rule 3:9, in a cross-claim filed pursuant to Rule 3:10, in a third-party pleading filed pursuant to Rule 3:13, or in a responsive pleading filed pursuant to Rule 3:8. The demand must identify the basis upon which the party relies in requesting attorney's fees.

Rule 3:25(B). Further, failure to file the required demand constitutes a waiver of attorney's fees. Rule 3:25(C). Notably, however, this rule's requirement that a request for attorney's fees must be included in certain pleadings does not apply to "attorney's fees in domestic relations cases." Rule 3:25(A).

Despite the support that this rule change may provide to wife's argument, she failed to raise it before either the trial court or this Court. Specifically, wife failed to argue that a proper interpretation of this rule makes it unnecessary to file a pleading requesting attorney's fees in domestic relations cases such as this. Therefore, we decline to address it *sua sponte*.

This Court has observed that, "[a]ppellate courts are not unlit rooms where attorneys may wander blindly about, hoping to stumble upon a [proper argument]." Fadness, 52 Va. App. at 851, 667 S.E.2d at 866. If wife believes the adoption of this rule has somehow limited our precedent requiring parties to request relief in a pleading, it is incumbent upon her "to present that [argument] to us with legal authority to support [her] contention." Id.

> A court of review is entitled to have the issues clearly defined and to be cited pertinent authority. The appellate court is not a depository in which the [parties] may dump the burden of argument and research. To ignore such a rule by addressing the case on the merits would require this court to be an advocate for, as well as the judge of the correctness of, [wife's] position on the issues [she] raises. On the

other hand, strict compliance with the rules permits a reviewing court to ascertain the integrity of the parties' assertions, which is essential to an accurate determination of the issues raised on appeal.

Id. at 850, 667 S.E.2d at 865 (citations omitted).

Thus, we decline to express an opinion on whether Rule 3:25 applies to the facts of this case. Accordingly, we reverse the trial court's decision and vacate the award of attorney's fees.

III.

For the foregoing reasons, we reverse and vacate the decision of the trial court.

Reversed and vacated.