## Richmond

PAULINE WILES BECKNER v. EMORY DODD BECKNER.

October 14, 1963.

Record No. 5637.

Present, All the Justices.

The opinion states the case.

*Arthur E. Smith*, for the appellant.

No brief filed on behalf of the appellee.

Submitted on brief for the appellant.

WHITTLE, J., delivered the opinion of the court.

On August 28, 1961, Emory Dodd Beckner filed suit for divorce against his wife, Pauline W. Beckner, alleging that "on or about June 1, 1961, the respondent, without cause or justification,

deserted and abandoned the complainant; * * *". He prayed for a decree *a mensa et thoro* later to be merged into a decree *a vinculo matrimonii.*

Mrs. Beckner filed an answer denying that she was guilty of the alleged desertion, and stated that she and her husband lived together until August 12, 1961, at which time he abandoned her and went to live with his sister. There were only two witnesses in the case, the complainant Beckner and his sister, Mrs. Thompson.

Beckner testified that he and his wife had been married since March 1940; that there were no children of the marriage and that for the last five years his wife had nagged him, quarreled with him and abused him to such an extent that he became ill and was compelled to go to a hospital on or about August 1, 1961; that he was discharged from the hospital on August 12, 1961; that he spent the first night at home after his discharge, the next two nights at the home of his brother in Troutville, after which he moved into the home of his sister, Mrs. Thompson, where he was living at the time of the taking of the depositions on the 9th day of January 1962.

Beckner's testimony regarding the wife's conduct towards him since 1955 is vague and points to no specific acts or conduct. He testified in this regard as follows: "Well it just seemed that for the past several years I could not do anything right. We could not get along. She just harassed me and I could not talk to people. She would butt in and she would curse me and at times she would curse about members of my family * * *". This evidence which was the sole basis for the allegations in the bill that his wife had deserted him on June 1, 1961 was in no way corroborated. Beckner's sister, Mrs. Thompson, the only other witness in the case, testified as follows:

"Q. Mr. Beckner alleges in his Bill of Complaint that the respondent, Pauline Wiles Beckner, wilfully abandoned and deserted him on or about June 1, 1961. Do you know anything about this?

"A. No. I don't. * * *"

There is vague testimony by both Beckner and his sister that on an occasion while Beckner was living at the sister's home Mrs. Beckner fired a shot near Beckner's automobile and threw soft drink bottles at the car. The evidence regarding this is not only vague and inconclusive, but it is clear from the record that if the incident occurred it was after the alleged separation on June 1, 1961, and during the pendency of this suit.

After the completion of the evidence Mrs. Beckner filed a written

motion to strike the evidence of the complainant asserting "* * * (T)he separation apparently was caused by his [Beckner's] illness and not by any misconduct or desertion of the defendant. Both witnesses stated that the defendant waited upon her husband for the two months of his illness prior to his hospitalization. Apparently, complainant decided not to return to his marital home. Certainly, the allegation of wilfull desertion on June 1, 1961, has not been proved nor has it been corroborated as required by Section 20-99 of the Code of Virginia of 1950 as amended.

"If the complainant relies upon extreme cruelty or constructive desertion to justify the failure of complainant to return to his marital home after his hospitalization, the record is absolutely devoid of any corroboration of any act of cruelty *prior to the filing of the suit for divorce.* The corroborating witness testified of hearing a pistol shot, but she had no knowledge of any event occurring prior to the suit for divorce. The sketchy claims of the complainant himself of nagging and cursing are wholly without corroboration as required by said Section 20-99 of the Code of Virginia." [Italics supplied].

The court overruled this motion upon the grounds that it was not well founded and entered the decree here complained of, which decree stated "* * * that the complainant has established the allegations of his Bill of Complaint and that the respondent has been guilty of desertion towards the complainant, and that such desertion took place on the first day of June 1961 * * *". The decree concluded by granting Beckner a divorce *a mensa et thoro* as of September 5, 1962.

It appears that upon the same date (September 5, 1962) Beckner filed a petition with the court praying that the divorce from bed and board be forthwith merged into an absolute divorce; whereupon a decree *a vinculo matrimonii* was entered on that day.

We hold that the court erred in not sustaining Mrs. Beckner's written motion that the complainant's evidence be stricken. The basis of this suit, according to allegations in the bill, was that Mrs. Beckner wilfully deserted her husband on June 1, 1961. The evidence falls far short of proving such desertion. According to Beckner's own statement the parties were living together as husband and wife until he went to the hospital in August 1961, and upon his discharge from the hospital it was Beckner who left the marital home and not the wife. It is further disclosed that the uncorroborated circumstances surrounding his leaving were not such as would entitle him to a divorce.

We have said many times that the law does not permit courts to sever marriage bonds and to break up households merely because a husband and wife, through unruly tempers, lack of patience and uncongenial natures, live unhappily together. Parties are required to submit to the ordinary consequences of human infirmities and unwise selections, and the misconduct which will form a good ground for legal separation must be serious and entirely subversive of the family relations, rendering the association intolerable. *Raiford* v. *Raiford*, 193 Va. 221, 235, 68 S. E. 2d 888, 897; *Brooks* v. *Brooks*, 200 Va. 530, 537, 106 S. E. 2d 611, 616; 6 M. J., Divorce and Alimony, § 6, p. 265.

As heretofore noted the bill of complaint sought a divorce (*a mensa et thoro*) on the sole ground of wilful desertion. There was no allegation of cruelty or reasonable apprehension of bodily hurt. The issue was joined by the denial of the wife that such desertion had occurred. The husband's own testimony would seem to settle the issue. He admits that he and his wife were living together during the months of June, July and a part of August 1961, and his wife continued to wait upon him in his illness. The only significance regarding the date of June 1, 1961 was made up in the mind of the husband as he states that this was the date he decided that his wife had deserted him.

The record discloses that the only acts of cruelty of any substance, i.e., the shooting of the gun and the throwing of the soft drink bottles, occurred while the suit was pending, and the only corroboration in the case was confined to these alleged occurrences which were nowhere mentioned in the bill of complaint. The act relied upon for divorce must be alleged and proved to have occurred prior to the bringing of the suit, not based upon some act or conduct alleged to have taken place during its pendency. *Smith* v. *Smith*, 202 Va. 104, 109, 116 S. E. 2d 110, 113; *Lee* v. *Lambert*, 200 Va. 799, 802, 108 S. E. 2d 356, 358; *Plattner* v. *Plattner*, 202 Va. 263, 266, 117 S. E. 2d 128, 130.

For the reasons stated the decree of divorce is set aside and annulled and the bill is dismissed. A fee of $200.00 is awarded to counsel for appellant for the prosecution of this appeal.

*Reversed and dismissed.*