COURT OF APPEALS OF VIRGINIA


Present:    Chief Judge Fitzpatrick, Judges Benton and Bumgardner
Argued at Richmond, Virginia


O. RIDDICK HARRELL, JR.

MEMORANDUM OPINION[*] BY
v.        Record No. 0395-05-2        JUDGE RUDOLPH BUMGARDNER, III
NOVEMBER 22, 2005
CHRISTINA H. HARRELL


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Frederick G. Rockwell, III, Judge

Alexandra D. Bowen (Aileen F. Tucker; Bowen, Champlin, Carr,
Foreman & Rockecharlie, on brief), for appellant.

John B. Russell, Jr. (DurretteBradshaw, PLC, on brief), for appellee.


O. Riddick Harrell, Jr. appeals a final decree of divorce that reserved to Christina H.

Harrell the right to receive spousal support in the future, Code § 20-107(D).  For the following

reasons, we affirm.

The parties married November 22, 1969, and had two children, who are now over the age

of eighteen.  They separated June 27, 2003 and executed a property settlement agreement on that

date.  Ten days before the parties had lived separate and apart for one year, the wife filed a bill of

complaint praying for a divorce on that ground, Code § 20-91(A)(9).  Her complaint contained a

prayer for temporary and permanent spousal support.  She obtained personal service of process

on the husband.  Before he filed a response, but without leave of court, the wife filed an amended

bill of complaint June 29, 2004.  It requested a divorce on the grounds that the husband

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

committed adultery, Code § 20-91(A)(1), and they had lived separate and apart for one year, which had occurred by then.

The husband filed an answer, a motion to dismiss, and a cross-bill on July 1, 2004. He admitted the allegations in the wife's complaint except he added that the parties had a property settlement agreement. The husband moved the trial court to dismiss the wife's original complaint because it was filed before the parties had lived separate and apart for a full year. His cross-bill alleged the same facts as the wife's complaint and prayed for a divorce on the same grounds. The cross-bill also prayed for incorporation of the settlement agreement and an award of spousal support. The pleading was served by mailing a copy to the wife's counsel of record. The wife filed no answer.

The husband gave notice of depositions and took them July 27, 2004. On September 28, 2004, the husband filed motions to compel discovery and to impose sanctions for failure to comply with discovery. The wife responded to that notice by filing the next day a notice that she would move the trial court for *pendente lite* spousal support on October 6, 2004. On August 18, 2004, the husband filed notice that on the same day he would present a final decree to the trial court and move it to dismiss the wife's bill of complaint. Throughout the proceedings, all pleadings were served by mailing copies to the opposing counsel.

At the October 6, 2004 hearing, the husband moved to have the original complaint dismissed because the parties had not lived separately for one year at the time the original pleading was filed. He moved to have the amended bill of complaint dismissed because it was filed without leave of court, Rule 1:8, and was not properly served.[1] He moved that he be

---

[1] The wife's counsel argued that the amended complaint was permissible without leave of court because it was filed before the husband filed a responsive pleading. Alternatively, he argued that service of the amended pleading was not required because the husband was represented by counsel, who had contacted the wife's counsel after the filing of the original complaint, but had not answered.

granted a divorce as pled in his cross-bill. The wife moved for *pendente lite* spousal support. The trial court took the motions under advisement.

The trial court issued a letter opinion November 3, 2004. It granted the husband's motion to dismiss the wife's complaint because it was filed prematurely. The amended complaint was not properly before the court because the wife filed it without leave of court. The trial court granted the husband a divorce on the ground of a one-year separation. The trial court directed that the final decree reserve the wife the right to request spousal support pursuant to Code § 20-107.1(D). The final decree reserved the right to both parties.

The husband appeals the reservation of spousal support for the wife. He maintains that the prayer for spousal support in the bill of complaint cannot raise the issue because it was a "non-entity." He maintains the wife's pleadings effectively do not exist because the failure to allege an existing ground of divorce deprived the trial court of jurisdiction in the case. He relies upon Beckner v. Beckner, 204 Va. 580, 132 S.E.2d 715 (1963), and Boyd v. Boyd, 2 Va. App. 16, 340 S.E.2d 578 (1986).

In Beckner, the husband sought a divorce on the ground of willfull desertion. However, the only acts of cruelty the husband proved occurred while the suit was pending. "The act relied upon for divorce must be alleged and proved to have occurred prior to the bringing of the suit . . . ." 204 Va. at 583, 132 S.E.2d at 717. The Court set aside the divorce decree.

In Boyd, the trial court granted the husband a "no-fault divorce" but granted spousal support to the wife. This Court reversed the award. "Jurisdiction in a divorce suit is purely statutory, Watkins v. Watkins, 220 Va. 1051, 1054, 265 S.E.2d 750, 752 (1980), and does not encompass broad equitable powers not conferred by statute." 2 Va. App. at 19, 340 S.E.2d at 580. This Court held the wife had not specifically requested spousal support and her general prayer for "further relief" was not adequate to raise a claim for it.

Subject matter jurisdiction for divorce rests with the circuit court. Code § 20-96. No suit is maintainable unless one of the parties is and has been a bona fide resident and domiciliary for at least six months preceding the commencement of the suit. Code § 20-97. Those requirements are jurisdictional. Rock v. Rock, 7 Va. App. 198, 201, 372 S.E.2d 211, 213 (1988).[2]

The wife's bill of complaint alleged the essential jurisdictional elements necessary to invoke the trial court's authority in divorce actions, but failed to allege grounds that entitled her to a divorce. The trial court had personal jurisdiction over the husband, the wife obtained service of process on his person, and he affirmatively invoked the jurisdiction of the court by filing responsive pleadings and a cross-bill for divorce.

The purpose of the bill of complaint is to give the opposing party and the trial court notice of the grounds for which the plaintiff seeks relief in equity. Rule 1:4; Cirrito v. Cirrito, 44 Va. App. 287, 314-15, 605 S.E.2d 268, 281 (2004). "Every litigant is entitled to be told by his adversary in plain and explicit language what is his ground of complaint or defense." Potts v. Mathieson Alkali Works, 165 Va. 196, 207, 181 S.E. 521, 525 (1935).

In this case the husband cannot claim he did not know the wife sought spousal support. His cross-bill alleged the identical facts as grounds for divorce that the wife alleged in her bill of complaint. When the wife filed her bill of complaint, the parties had not lived apart for one year. By the time he filed his response fifteen days later, the year had passed. The trial court heard all motions at one time. They included the wife's motion for *pendente lite* support and the husband's attorney acknowledged that the wife was asking for spousal support at that hearing.

---

[2] Venue is no longer jurisdictional in divorce cases. See former Code § 20-96(B) and Netzer v. Reynolds, 231 Va. 444, 448, 345 S.E.2d 291, 294 (1986). Code § 20-96(B) was deleted in 1989. 1989 Va. Acts, ch. 556. Venue is now classified as preferred. Code § 8.01-261(19).

The trial court had jurisdiction over the parties and the subject matter of the suit, a divorce. Those jurisdictional requirements were properly pled. To disregard the wife's pleadings that pray for support and to rule she did not raise the issue would be to engage in a legal fiction that ignores what clearly appears in the record and that which the attorneys acknowledged during trial. If the complaint was a "non-entity" in the sense that it did not exist for any purpose, then logically the husband's cross-bill was also a "non-entity." "For there to be an 'application' under this statute [Code § 20-91(A)(9)(a)], the party applying must himself seek affirmative relief by way of divorce in his favor through an original divorce proceeding or through a cross-bill filed in a pending suit." Moore v. Moore, 218 Va. 790, 796, 240 S.E.2d 535, 539 (1978) (footnote omitted). If the pending suit did not exist, the cross-bill in response to it did not exist, and any decree of divorce based upon it could not exist.

In this case, the defect in the wife's bill of complaint was inadequate to entitle her to a divorce on the grounds pled. The trial court properly dismissed her complaint. However, the complaint was adequate to raise the issue of spousal support and apprise the husband of that claim. Accordingly, the trial court had the discretion to reserve the right to spousal support to her as well as to him.

The husband also maintains that the trial court erred in reserving spousal support without considering all the factors contained in Code § 20-107.1(E). The authority for the trial court to reserve the right to receive support appears in Code § 20-107.1(D). The factors in subsection (E) relate to determining an award of support and maintenance. Reserving a right to receive support under subsection (D) does not adjudicate the issue of an award. It merely preserves the possibility of doing so. The husband cites no authority for his claim that the trial court must hold a full evidentiary hearing and consider the factors in (E) before reserving support under (D). We hold that the trial court is not required to do so.

The trial court properly exercised its discretion by reserving spousal support to both the parties.  Accordingly, we affirm.

<u>Affirmed.</u>

Benton, J., concurring in the result.

It seems clear to me that if the wife's attorney had simply requested the trial judge to grant leave to file the amended bill of complaint, the issue in this case would not be consuming the parties' resources or judicial resources. In my view, this appeal presents a series of procedural issues that were avoidable.

Inexplicably, after the evidence had been taken and the case was ripe for entry of the final decree of divorce, the parties first presented to the trial judge arguments on all the motions that had been permitted to accumulate: the husband's motion to dismiss the wife's bill of complaint, the husband's motion to compel the wife to respond to discovery, the husband's motion to award sanctions against the wife, the wife's motion to award her *pendente lite* spousal support, and the husband's motion to enter the proposed final decree. The record also reflects that at the time of the hearing on these arguments (four months after the bill of complaint was filed) the wife had not filed an answer to the husband's cross-bill and had not filed a motion for leave to file her amended complaint. Indeed, during argument before the trial judge, the husband's attorney indicated, without contradiction, that the issue of the wife's failure to comply with Rule 1:8 was raised with the wife's attorney early in the proceeding. Yet, the matter apparently was not further pursued by either party until four months later. Simply put, the parties left unresolved all of these issues as the case proceeded and asked the trial judge to rule upon them at the same time the husband requested entry of the final decree of divorce.

After hearing the arguments, the trial judge ruled as follows:

> [T]he Court grants [the husband's] Motion to Dismiss the Bill of
> Complaint; finds that the [wife's] Amended Bill of Complaint is
> not properly before the Court; and holds that a divorce be granted
> based on the [husband's] Cross-Bill, as supported by the deposition
> testimony filed herein. The Court directs [the husband's attorney]
> to amend the sketch Final Decree previously submitted to reflect
> the correct date of the property settlement agreement, include a

> reservation of [the wife's] right to request spousal support pursuant to Va. Code 20-107.1(D) . . . .

The wife did not appeal any of the judge's rulings (striking her bill of complaint, striking her amended bill of complaint, and granting the divorce based on the cross-bill of complaint). Therefore, the trial judge's rulings govern the law of the case before us.

The majority reasons that if the complaint is a "non-entity," then by association the cross-bill is also a "non-entity." I disagree. The wife's bill of complaint, which the trial judge struck, failed to allege jurisdictional requirements for a divorce and was insufficient to give the trial judge authority to grant her relief. See Beckner v. Beckner, 204 Va. 580, 583, 132 S.E.2d 715, 717-18 (1963) (holding that "[t]he act relied upon for divorce must be alleged and proved to have occurred prior to the bringing of the suit"). The trial judge ruled in his opinion letter that he had jurisdiction in this case by virtue of the husband's cross-bill of complaint, independent of the wife's defective bill of complaint. The record supports the trial judge's ruling. This is not a case in which "the relief sought in the cross-bill is defensive merely, and would be satisfied by the dismissal of the original bill." Equitable Life Assurance Soc. v. Wilson, 110 Va. 571, 573, 66 S.E. 836, 837 (1910). The husband's cross-bill alleged every fact necessary to give the circuit court jurisdiction to grant a divorce. Indeed, after pleading the necessary jurisdictional facts in his cross-bill, the husband requested "that he be granted a divorce from the [wife] on the grounds that the parties have lived separate and apart without cohabitation and without interruption for a period of time in excess of twelve months pursuant to [Code §] 20-91."

Equally clear is the trial judge's authority to exercise personal jurisdiction over the wife, even after striking her pleadings. The fact that the husband's cross-bill was mailed to the wife's attorney, and not served by process, is of no moment. The record establishes that the wife made a general appearance in the circuit court when she filed pleadings and participated in the entire process by her appearance and the appearance of her attorney of record. Specifically, the wife

sought affirmative relief of *pendente lite* spousal support and filed an "omnibus motion for relief," requesting, in part, that her "amended bill of complaint should be considered as a responsive pleading to [the husband's] Cross-Bill" and that she be granted "an extension of time . . . in which to file an Answer." Without a jurisdictional objection, the wife's attorney also endorsed the final decree, which granted relief to her. In short, the wife's participation in the proceeding constituted a general appearance, which has long been recognized as "a waiver of process, equivalent to personal service of process, and confers jurisdiction of the person on the Court." Nixon v. Rowland, 192 Va. 47, 50, 63 S.E.2d 757, 759 (1951).

In his opinion letter, the trial judge also ruled as follows:

> The [husband] asserts that divorce should be granted on the basis of his Cross-Bill. It is clear that a divorce may be granted "[o]n the application of either party if and when the husband and wife have lived separate and apart without any cohabitation and without interruption for one year." Va. Code Ann. § 20-91 (Michie's 2004). "For there to be an 'application' under this statute, the party applying must himself seek affirmative relief by way of divorce in his favor through an original divorce proceeding or through a cross-bill filed in a pending suit." Moore v. Moore, 218 Va. 790, 796 (1978). The Court finds that the [husband's] Cross-Bill was properly filed, and that the [wife] has not disputed any element of that pleading by Answer.

The wife does not contest this ruling on appeal. Moreover, in view of the record in this case, the trial judge's ruling is undoubtedly correct.

Although I do not accept all the views in the majority opinion, I concur in affirming the trial judge's decision to grant the wife a reservation of spousal support. The majority concludes that the wife adequately raised the matter of spousal support through her bill of complaint, despite the complaint's fatal flaw. I agree that the wife adequately raised the issue but, in my view, she did so through her request for *pendente lite* spousal support. We have repeatedly

> held that where there is no bar to the right of spousal support "it is reversible error for the trial court, upon request of either party, to fail to make a reservation in the decree of the right to receive

> spousal support in the event of a change of circumstances," even though, at the time of the decree, neither party needed support.

Blank v. Blank, 10 Va. App. 1, 4, 389 S.E.2d 723, 724 (1990) (quoting Bacon v. Bacon, 3 Va. App. 484, 491, 351 S.E.2d 37, 41 (1986)).  We have explained that it is not necessary to "explicitly request a reservation of the right to seek spousal support."  Vissicchio v. Vissicchio, 27 Va. App. 240, 254, 498 S.E.2d 425, 432 (1998).  Instead, we have tied the trial judge's authority to grant this relief to the existence of a pleading in which the recipient spouse has made a request for spousal support, holding that a "request for spousal support implicitly contained a request for future spousal support, as events warranted."  Id.

The record indicates that, during the course of this divorce proceeding, the wife filed a request for *pendente lite* support.  The trial judge did not strike this pleading.  In my view, this pleading provided a sufficient basis to put the husband on notice that the wife's spousal support was an issue that was appropriate for a reservation of the right to receive support in the future as permitted by Code § 20-107.1(D).  Additionally, I would hold that in view of the peculiar posture of the case (where the contested issues of sufficiency of the wife's pleadings, which requesting spousal support, were not brought before the trial judge for a ruling until the evidence was closed and the final decree was ripe for entry), the trial judge did not abuse his discretion in deeming that a reservation of future spousal support was appropriate and warranted.

For these reasons, I would hold that the trial judge did not err in reserving to the wife the right to receive spousal support in the future.