COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:   Judges Alston, McCullough and Senior Judge Annunziata
Argued at Alexandria, Virginia


KAREN A. WROBLEWSKI, F/KA
  KAREN A. RUSSELL

v.      Record No. 1308-13-4

STEVEN T. RUSSELL                                   OPINION BY
                                           JUDGE STEPHEN R. McCULLOUGH
STEVEN T. RUSSELL                                   JUNE 17, 2014

v.      Record No. 1313-13-4

KAREN A. RUSSELL


FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
Jeffrey W. Parker, Judge

Susan Leslie-Fraser (Law Office of S. Leslie-Fraser, on briefs), for
Karen A. Wroblewski, f/k/a Karen A. Russell.

James A. Watson, II (Colleen M. Haddow; Colten Cummins Watson &
Vincent, P.C., on briefs), for Steven T. Russell.


Karen A. Wroblewski, formerly Karen A. Russell (wife) and Steven T. Russell (husband)

appeal a final order of divorce.  Wife argues the trial court erred by (1) awarding her spousal

support for a limited period of time when she clearly established her ongoing need for, and the

ability of husband to pay, spousal support; (2) awarding her spousal support in tapering amounts

without evidence that, in the future, her need for support would diminish or that husband's

ability to pay would "reasonably likely . . . be impaired"; (3) entering the final order of divorce

and denying her motion for reconsideration in violation of the United States Bankruptcy Court's

Order of Stay; (4) awarding spousal support when factor 8 of Code § 20-107.1(E) could not be

determined pending resolution of her Chapter 7 bankruptcy petition; (5) refusing to grant her

motion for continuance when her counsel withdrew and in light of her inability to retain new counsel absent the continuance; (6) considering her marital history in determining the equitable distribution and spousal support awards since her prior marriages were not relevant to a determination of her financial assets or ability to support herself; (7) ordering her, in violation of her right to file taxes as "married filing separately," to pay $30,000 of the nearly $300,000 income tax debt that husband incurred by failing to timely file his income tax returns; and (8) awarding husband all the retirement funds earned during the course of the marriage. Husband argues the trial court erred by (1) awarding spousal support to wife after granting his motion to strike wife's complaint for divorce because the trial court did not have jurisdiction to make such an award in the absence of a valid pleading before the trial court; and (2) ordering him to pay wife's health insurance premiums in the absence of either a statutory or jurisdictional basis for the entry of such award. We reverse on the issue of spousal support and otherwise affirm the trial court.

## BACKGROUND

Husband and wife married on April 29, 2000 and separated on January 2, 2010. On May 2, 2011, wife filed a complaint for divorce and requested, in part, "support and maintenance, *pendente lite*, as well as permanent periodic support and maintenance, lump-sum support, and/or a reservation to petition for same *in futuro*, pursuant to Section 20-107.1 of the Code." Husband filed an answer and counterclaim, to which wife responded. Wife's answer to husband's counterclaim did not include a request for spousal support.

On September 12, 2011, the trial court awarded wife *pendente lite* spousal support of $20,625 per month.[1] In January 2012, wife filed for bankruptcy protection, necessitating a continuance of the case. Husband filed a motion for relief from the automatic bankruptcy stay.

---

[1] About one year later, this amount was reduced to $10,000 per month.

- 2 -

On May 17, 2012, the United States Bankruptcy Court for the Eastern District of Virginia entered an order holding that:

> The divorce proceeding is stayed to the extent that the divorce proceeding seeks to determine the division of property that is property of the bankruptcy estate. This does not prevent an equitable distribution hearing (including all state court matters leading up to such hearing) or order considering or taking into account property that is property of the estate in a monetary award. However, property of the bankruptcy estate may not be ordered to be transferred, conveyed, encumbered or otherwise affected.

Wife sought a continuance on June 25, 2012, which the court denied on July 25, 2012. On the eve of trial, on July 30, 2012, wife filed an emergency motion for a continuance. She alleged she had checked herself into the psychiatric unit of a hospital and that she was not presently mentally competent to participate in a judicial proceeding. The court continued the case, although it later learned that wife had checked herself out on July 31, the day after the continuance was granted. The court later granted wife another continuance due to the illness of her attorney. That same counsel withdrew on November 20, 2012 as a result of the illness. At that point, trial was scheduled to begin on February 1 and 4, 2013. On January 7, 2013, acting *pro se*, wife sought another continuance to find substitute counsel. After it was denied, she renewed it again at trial. In denying the motion, the court observed that

> The subject proceeding had fully matured for adjudication by July of 2012. The nature of the second continuance Motion and the questionable credibility of the Plaintiff through later disclosed facts gave this Court great cause for concern. It appeared at that time that the Wife was using any mechanism possible to stay the proceedings. The Husband claimed the Wife was motivated to delay trial adjudication due to the substantial *pendente lite* support she was receiving. Hence, when she made additional continuance motions thereafter, the Court considered delay to be an ulterior motive of the Wife.

Wife represented that "if given more time," she would obtain counsel. "In light of her previous delays," the court concluded, "her representations had doubtful credibility. After nearly two years, the Husband was entitled to have his case adjudicated."

At the conclusion of wife's evidence at trial, husband made a motion to strike wife's complaint for divorce because she failed to corroborate her grounds for divorce. Husband further argued that, if the trial court were to grant his motion to strike wife's complaint, then it should likewise strike wife's request for spousal support. The trial court granted husband's motion to strike wife's bill of complaint but declined to strike wife's request for spousal support, stating, "As to whether or not the claim for spousal support could remain alive after granting the motion to strike, I'm just going to take that portion of the case under advisement."

On February 26, 2013, the trial court issued its letter opinion. Under the subsection titled "Divorce," the trial court stated that wife failed to offer any evidence to support entry of a final decree of divorce in her favor and, "[a]s a result, her complaint was dismissed on a Motion to Strike the Evidence." Instead, husband was granted a no-fault divorce based on his counterclaim. Under the letter's subsection titled, "Support," the trial court found, among other things, that wife had requested spousal support in her complaint, that she had been receiving *pendente lite* spousal support, and that it would consider wife's request for spousal support because it had been raised as an issue. Referencing the legal reasoning underlying its decision to award wife spousal support, the trial judge specifically noted that "[n]either case law nor the applicable statute require[s] the *prevailing* party to raise the issue in its pleadings, only that at least one of the parties raise the support issue to allow the subject to be adjudicated." (emphasis in original). After considering the factors in Code § 20-107.1(E), the trial court awarded spousal support to wife such that she received $5,000 per month for twelve months, $3,000 per month for

the following twelve months, and $1,500 per month for twelve months thereafter. It further ordered husband to pay wife's health insurance premiums for a period of eighteen months.

In addition, the trial court considered the factors in Code § 20-107.3, and determined that the former marital residence was in foreclosure, awarded wife the Florida condominium in which her mother had a life estate, awarded husband his Morgan Stanley Brokerage account and stock options, awarded wife her bank accounts, and divided the personal property and vehicles. The trial court also held that husband was responsible for his Morgan Stanley loans and ordered wife to reimburse husband $30,000 for the IRS tax debt he had incurred.

Wife filed objections to husband's proposed final decree and filed an alternative final decree. On June 17, 2013, the trial court issued a letter opinion stating that it had considered her objections, but denied them. The trial court entered a final order of divorce on June 18, 2013. Wife filed a motion for reconsideration, which the trial court denied. Each party filed objections to the final order of divorce. These appeals followed.

## ANALYSIS

### I. Spousal support – Husband's first assignment of error

Husband argues that a written demand for spousal support is a necessary precondition for the award of such support. Once the trial court struck the only pleading that contained wife's demand for spousal support, he contends, the court could no longer proceed to award her any spousal support. Consequently, it was error for the court to do so. Wife argues that the trial court, acting with the powers of a court of equity, could still award wife support notwithstanding the fact that the court struck the one pleading that contained her demand for spousal support. We agree with husband.

We review this question of law *de novo* on appeal. Harrell v. Harrell, 272 Va. 652, 656, 636 S.E.2d 391, 393 (2006).

- 5 -

"'Fundamental rules of pleading provide that no court can base its judgment or decree upon a right which has not been pleaded and claimed.'" Fadness v. Fadness, 52 Va. App. 833, 843, 667 S.E.2d 857, 862 (2008) (quoting Boyd v. Boyd, 2 Va. App. 16, 18, 340 S.E.2d 578, 580 (1986)). "'Pleadings are as essential as proof, the one being unavailing without the other. A decree can not be entered in the absence of pleadings upon which to found the same, and if so entered it is void.'" Id. (quoting Potts v. Mathieson Alkali Works, 165 Va. 196, 207, 181 S.E. 521, 525 (1935)).[2]

Here, wife initially made a written demand for spousal support. The trial court, however, granted husband's motion to *strike that pleading.* Striking a pleading has the effect of withdrawing any claims rooted in that pleading from consideration by the court – just as striking testimony removes that testimony from consideration by the factfinder, or striking a member of the venire removes that individual from the jury pool. Rule 1:11, which governs motions to strike the evidence in jury trials, is consistent with this understanding. It provides that once a trial court has granted a motion to strike the evidence, "then the court shall enter summary judgment or partial summary judgment in conformity with its ruling on the motion to strike." See also Costner v. Lackey, 223 Va. 377, 381, 290 S.E.2d 818, 820 (1982) ("A motion to strike is in effect a motion for summary judgment . . . ."). A claim that is grounded upon a stricken pleading does not linger on in spectral form before the court – it is interred and removed from consideration.

Harrell is controlling. In that case, wife alleged as her ground of divorce the fact that she had lived separate and apart from her husband for more than one year. Her complaint included a

---

[2] Under our modern jurisprudence, it would be more accurate to state that such a judgment would be "voidable" rather than "void *ab initio.*" See, e.g., Singh v. Mooney, 261 Va. 48, 51-52, 541 S.E.2d 549, 551 (2001); see also Morrison v. Bestler, 239 Va. 166, 387 S.E.2d 753 (1990). The court here had subject matter jurisdiction as well as jurisdiction over the parties. Therefore, the court's award of spousal support may be voidable, but it was not void *ab initio.*

request for spousal support. 272 Va. at 656, 636 S.E.2d at 394. In fact, she had not lived separate and apart from her husband for the required period, and the trial court dismissed her complaint accordingly. The Supreme Court held that, because separation for one year must be proved to have occurred before the suit was filed, wife failed to state a claim upon which relief could be granted. Id. The Supreme Court reasoned that "[t]he trial court *had subject matter jurisdiction* over the divorce; however, *inadequate grounds* were alleged in the bill." Id. at 656-57, 636 S.E.2d at 394 (emphasis added). The Court concluded that "the request for spousal support contained in the bill of complaint abated with its dismissal." Id. at 657, 636 S.E.2d at 394. Wife in Harrell also attempted to file an amended complaint, which included a request for spousal support, but she did not obtain leave of court. The trial court dismissed the amended complaint for that reason. Again, the Court held, "[h]er request for spousal support therein abated with the dismissal of the amended bill." Id. Ultimately, there was no valid pleading before the court asking for spousal support. "Without such a pleading, it was error for the trial court to grant [wife] a reservation of spousal support." Id. at 658, 636 S.E.2d at 395. Likewise here, wife's request for spousal support abated with the dismissal of her complaint and it was error for the trial court to award spousal support without any pleading at all before the court making the request.[3]

Although, by statute, upon decreeing a divorce "the court may make such further decree as it shall deem expedient concerning the maintenance and support of the spouses," Code

---

[3] From the standpoint of the court's "active" (as opposed to subject matter) jurisdiction, see Whitt v. Commonwealth, 61 Va. App. 637, 649-53, 739 S.E.2d 254, 260-62 (2013) (discussing the concept of active jurisdiction), there is no difference in the posture of this case and the posture of the case in Harrell. The Court in Harrell did not claim a lack of active jurisdiction or even mention the concept. Both the trial court and the Supreme Court accepted the trial court's authority to adjudicate the parties' divorce. Instead, as in this case, the outcome in Harrell was driven by the absence of a valid request for spousal support in the pleadings.

§ 20-107.1(A), we have long held that "the exercise of such power remains dependent upon the pleadings having raised the issue." Boyd, 2 Va. App. at 19, 340 S.E.2d at 580.

Finally, precedent does not support the notion of an extra-statutory reservoir of authority for courts to draw from in divorce cases that would enable a court to grant relief based on a stricken pleading. As the Supreme Court noted in Reid v. Reid, 245 Va. 409, 413, 429 S.E.2d 208, 210 (1993) (citations and quotation marks omitted):

> A suit for divorce . . . does not involve an appeal to the general jurisdiction of the equity forum. The many limitations, both in respect to jurisdiction and procedure, placed upon divorce suits by the statute, differentiate the divorce case from ordinary suits in equity and render it a chancery case sui generis.

In Reid, the Court found that the trial court lacked the authority to order repayment – a power ordinarily available to a court in equity – because the jurisdiction of a court of equity is "'entirely statutory and limited'" in divorce matters. Id. at 415, 429 S.E.2d at 211 (citation omitted); see also Sprouse v. Griffin, 250 Va. 46, 50, 458 S.E.2d 770, 772 (1995) ("[J]urisdiction in divorce suits is purely statutory."). Even in a court of equity, "any relief granted must be supported by allegations of material facts in the pleadings that will sustain such relief." Jenkins v. Bay House Assocs., 266 Va. 39, 45, 581 S.E.2d 510, 513 (2003) (citations omitted).[4]

---

[4] Nothing in White v. White, 181 Va. 162, 169, 24 S.E.2d 448, 451 (1943), or Erickson-Dickson v. Erickson-Dickson, 12 Va. App. 381, 388, 404 S.E.2d 388, 392 (1991), allows a trial court to suspend the basic requirement that a litigant have a valid pleading before the court in order to obtain relief. "'[W]hen a court of equity acquires jurisdiction of a cause, for any purpose, it will retain it, and do complete justice between the parties, enforcing, if necessary, legal rights, and applying legal remedies to accomplish that end.'" White, 181 Va. at 169, 24 S.E.2d at 451 (quoting Buchanan v. Buchanan, 174 Va. 255, 279, 6 S.E.2d 612, 622 (1940)). It is also true that "[g]enerally, when a court acquires jurisdiction over the subject matter and over the person, the court retains jurisdiction until the matter before it has been fully adjudicated." Erickson-Dickson, 12 Va. App. at 388, 404 S.E.2d at 392. Neither proposition obviates the need for the litigant in an equity court to state his grounds for relief in a pleading.

The principal case wife relies upon for her assertion of a broad, common law based equity power, <u>Gloth v. Gloth</u>, 154 Va. 511, 153 S.E. 879 (1930), does not support her position. In that case, the Supreme Court resolved the following question:

> When alimony is awarded to a wife in a decree granting to her a divorce *a mensa et thoro* from her husband, may the amount thereof be thereafter changed or modified by the court to meet changed conditions of the parties subsequently arising, or the decree, in so far as it provides for future payments of alimony, be revoked because of the adultery or other misconduct of the wife committed after entry of the said decree?

<u>Id.</u> at 532, 153 S.E. at 885. The Court answered that question in the affirmative. The Court examined the history of the law of divorce in England and in Virginia, as well as the distinction that predated statutory enactments between the recognized common law power of a court to order changes to alimony in cases of divorce *a mensa et thoro* following entry of the decree, and the absence of a common law power to order changes to the decree with respect to alimony in cases of divorce *a vinculo matrimonii*. <u>Gloth</u> says nothing about the power of a court to award spousal support in the absence of a pleading requesting the same. To the extent <u>Gloth</u> is relevant at all, it undermines wife's assertion of a vast common law power in cases of divorce *a vinculo matrimonii* by making clear that no such broad power existed. <u>Id.</u> at 533, 153 S.E. at 886. The other cases wife cites do not shed any light on the issue before us. Neither <u>Upchurch v. Upchurch</u>, 194 Va. 990, 76 S.E.2d 170 (1953), nor <u>Hughes v. Hughes</u>, 173 Va. 293, 4 S.E.2d 402 (1939), address the question of whether a valid pleading is required as a prerequisite for the award of spousal support.

With *no* pleading requesting spousal support before the court at the time of the award, the trial court could not award such relief.[5] Accordingly, we reverse the judgment of the trial court awarding wife spousal support.

This holding renders moot wife's first, second, fourth, and part of her sixth assignments of error, which turn on the court's handling of the issue of spousal support.

## II. Health insurance – Husband's second assignment of error

Husband argues that the trial court erred by ordering him to pay wife's health insurance premiums for eighteen months after the entry of the final decree of divorce, in the absence of statutory authority to do so. Our reading of the relevant statutes is to the contrary.[6]

This issue presents a question of statutory interpretation, a matter we review *de novo*. Anthony v. Skolnick-Lozano, 63 Va. App. 76, 83, 754 S.E.2d 549, 552 (2014).

Although no statutory provision expressly confers on trial courts the power to order a spouse to pay for the health insurance of the divorcing spouse, the Code evinces an unmistakable legislative intent to permit trial courts to enter such an order. Code § 20-108.1(C) states that "In any proceeding under this title [i.e., Title 20] on the issue of determining child support, the court shall have the authority to order either party or both parties to provide . . . health care coverage

---

[5] Wife could have moved to amend her answer to husband's cross-bill to include a demand for spousal support. We note that, ordinarily, leave to amend should be "liberally granted." Rule 1:8. Here, wife did not move to amend.

[6] An order directing one spouse in a divorce to pay the health insurance premiums of the other spouse is best conceptualized as a component part of the maintenance and support of the spouse receiving the premiums. See Code § 20-107.1. Husband does not anywhere contend that the voiding of the spousal support award necessarily drags down with it the health insurance premiums. Instead, he argues that there is no statutory or jurisdictional basis for the award. Accordingly, we treat these two issues as analytically distinct for purposes of this opinion.

- 10 -

for a spouse or former spouse."[7] Furthermore, and consistently with the language in Code § 20-108.1(C), Code § 20-60.3(8), which addresses orders "directing the payment of spousal support where there are minor children whom the parties have a mutual duty to support and all orders directing the payment of child support," requires among other things "a statement as to whether there is an order for health care coverage for a spouse or former spouse." This provision further signals the General Assembly's intent to grant authority to the trial court to make such an award.[8] The General Assembly thus recognized the power of the trial court to enter such orders.

Husband relies on this Court's decisions in Lassen v. Lassen, 8 Va. App. 502, 506, 383 S.E.2d 471, 473 (1989), and Day v. Day, 8 Va. App. 346, 348-49, 381 S.E.2d 364, 366 (1989) (citation omitted), to support his arguments. His reliance on these decisions is misplaced.

The issue wife raised in Lassen was whether the trial court was *required* to order husband to pay her insurance premiums. The trial court had declined to order husband to pay his prior wife's health insurance coverage in addition to spousal support, and we affirmed, finding the statute did not require such an award. Lassen, 8 Va. App. at 506, 383 S.E.2d at 473 ("There is no statutory *mandate* that health care coverage be provided . . . ." (emphasis added)). Thus, the decision not to order a party to maintain health insurance coverage for a former spouse was within the discretionary power of the court, subject to an abuse of discretion standard of review.

---

[7] Code § 20-108.1(C) provides:

> In any proceeding under this title, Title 16.1, or Title 63.2 on the issue of determining child support, the court shall have the authority to order either party or both parties to provide health care coverage or cash medical support, as defined in § 63.2-1900, or both, for dependent children if reasonable under all the circumstances and health care coverage for a spouse or former spouse.

[8] Code § 20-107.1(H)(3) includes a similar requirement for spousal support orders where there are no minor children whom the parties have a mutual duty to support.

In addition, the holding in <u>Day</u> is inapposite. In <u>Day</u>, the Court did not address whether health insurance coverage was properly made part of the court's spousal support award. Instead, it reversed a trial court's ruling that the husband should make payments on the marital debt directly to the creditors, finding the trial court lacked authority to order such payments. <u>Day</u>, 8 Va. App. at 349, 381 S.E.2d at 366. The facts in <u>Day</u> do not correlate with the facts in this case.

We find the trial court committed no error of law in ordering husband to pay the monthly premiums for wife's health insurance.

### III. Bankruptcy – Wife's third and fourth assignments of error

Wife argues that the trial court violated the order of stay issued by the United States Bankruptcy Court when it entered the final decree of divorce. She contends the trial court erred in awarding husband his 401(k) and unvested bonuses. She also asserts that, since the trial court erred by entering the equitable distribution award, it could not award spousal support because Code § 20-107.1(E)(8) requires courts determining such support to consider the equitable distribution award.

Wife filed for bankruptcy in January 2012. She subsequently requested the final hearing be continued pending the bankruptcy proceeding. The trial court granted the continuance and rescheduled the final hearing. Meanwhile, husband sought and received relief from the automatic stay, pursuant to his motion in the bankruptcy court. On May 17, 2012, the bankruptcy court entered an order lifting the automatic stay with the following conditions:

> The divorce proceeding is stayed to the extent that the divorce proceeding seeks to determine the division of property that is property of the bankruptcy estate. This does not prevent an equitable distribution hearing (including all state court matters leading up to such hearing) or order considering or taking into account property that is property of the estate in a monetary award. However, property of the bankruptcy estate may not be ordered to be transferred, conveyed, encumbered or otherwise affected. Property heretofore or hereafter abandoned by the Chapter 7

- 12 -

trustee is not property of the estate and is not subject to this provision.

On May 13, 2013, the bankruptcy trustee prepared a Notice of Intent to Abandon Property, which wife later filed with the trial court. The notice indicated that the trustee was abandoning its interest in "the real and personal property listed on [wife's] schedules A and B, as amended," except for the Florida condominium, her diamonds, the escrow held by her former divorce attorney, and her contingent claims for one-half interest in husband's 401(k) and his unvested bonuses.

On June 17, 2013, following a hearing, the trial court issued a letter opinion after receiving wife's objections to the entry of the final decree. The trial court held that it was free to distribute the property that was abandoned by the trustee. With respect to the property that was not abandoned, the trial court noted that the Florida condominium was subject to a life estate and that the bankruptcy trustee might make a "potential claim" against the property. Husband had agreed to transfer the property to wife, and the trial court directed husband to "refrain from conveying the real estate in Florida to the [w]ife until the Bankruptcy Court makes a determination as to this real property." Therefore, the trial court's equitable distribution award affected neither the Florida property nor wife's bankruptcy. The trial court assigned no value to wife's diamonds (which it had determined were her separate property) as it lacked evidence of their value. The trial court took "no position" on the escrow monies held by wife's former divorce attorney. Lastly, the trial court stated that it did not award wife any interest in husband's 401(k) or bonuses because "the [w]ife had no interest in these accounts."

Wife's argument that the trial court exceeded its authority by issuing its ruling and entering the final decree on June 18, 2013, before the bankruptcy proceedings were completed, is thus without merit. The bankruptcy court has ruled previously that "[t]he state court may proceed with an equitable distribution hearing as long as it does not involve distribution of

property of the [bankruptcy] estate." Secrest v. Secrest (In re Secrest), 453 B.R. 623, 632

(Bankr. E.D. Va. 2011). The trial court classified the 401(k) and the bonuses as husband's

property. Wife does not challenge the trial court's classification of these assets. The trial court's

equitable distribution ruling therefore did not distribute any property of wife's bankruptcy estate,

so it did not violate the stay.[9]

### IV. Motion for continuance – Wife's fifth assignment of error

Wife argues the trial court erred when it denied a continuance, to her prejudice, after her

attorney withdrew from the case for medical reasons. Wife claims that, because she had to

proceed without counsel as a result of the court's ruling, her spousal support and equitable

distribution awards were adversely affected, as was her ability to present the proof required to

establish her fault grounds for divorce.

Originally, the final hearing was scheduled for April 18 and 19, 2012. On March 12,

2012, wife filed a "Motion to Stay the April Proceedings" because she had voluntarily filed for

bankruptcy in January 2012. The trial court rescheduled the final hearing for July 31 and August

1, 2012. On June 25, 2012, wife requested another continuance because the bankruptcy matter

was not yet resolved. The trial court denied the continuance because, as noted above, husband

had obtained an order from the bankruptcy court allowing the divorce proceeding to continue.

On July 30, 2012, wife requested another continuance because she had checked herself in to a

psychiatric hospital. The trial court granted the continuance and rescheduled the final hearing

for December 5, 2012. On October 26, 2012, wife sought another continuance, this one due to

medical problems her counsel was experiencing. The trial court granted the continuance and

---

[9] In addition, the record reflects that wife received a discharge of her debts. The bankruptcy code provides that a stay of any act against a Chapter 7 debtor continues until the time a discharge is granted or denied. 11 U.S.C. § 362(c)(2)(C). Once her discharge was granted on July 19, 2012, the stay was terminated, thus mooting any appeal of that issue.

rescheduled the matter for February 1 and 4, 2013. Subsequently, wife's attorney asked to withdraw as counsel due to the ongoing medical issues. On November 20, 2012, the trial court entered an order allowing wife's counsel to withdraw. New counsel was not substituted. On January 7, 2013, wife filed another motion for a continuance in order to retain counsel. The trial court denied the motion, and the final hearing was conducted on February 1 and 4, 2013. Wife again asked for a continuance at the outset of trial, and when the trial court denied her request, she proceeded *pro se*.

"The circuit court's ruling on a motion for a continuance will be rejected on appeal only upon a showing of abuse of discretion *and* resulting prejudice to the movant." Haugen v. Shenandoah Valley Dep't of Soc. Servs., 274 Va. 27, 34, 645 S.E.2d 261, 265 (2007) (emphasis in original). We review the decision "in view of the circumstances unique to each case." Id.

The trial court explained in its letter opinion that the matter had been continued on wife's motions three previous times. The trial court observed that wife's counsel withdrew over two months prior to the final hearing, but that wife did not retain new counsel during that time period. Wife claimed that she needed more time to obtain counsel, but also stated that she did not have sufficient funds to retain counsel – despite receiving $10,000 per month in *pendente lite* support at that point. The trial court denied the request because "her representations had doubtful credibility" and "[a]fter nearly two years, the [h]usband was entitled to have his case adjudicated."

Based on the numerous continuances already granted and husband's right to have the matter heard, the trial court did not abuse its discretion in denying wife's request for yet another continuance. She had adequate time to retain counsel prior to the February hearing, but did not do so.

Since we find the trial court did not abuse its discretion in denying wife's request for a continuance, we need not address whether wife was prejudiced by the denial of her motion. See Bolden v. Commonwealth, 49 Va. App. 285, 290, 640 S.E.2d 526, 529 (2007) (explaining that a party needs to show abuse of discretion *and* resulting prejudice because "[t]he absence of one renders inconsequential the presence of the other" (citing Lowery v. Commonwealth, 9 Va. App. 304, 307, 387 S.E.2d 508, 509-10 (1990))); see also Cooper v. Commonwealth, 54 Va. App. 558, 565, 680 S.E.2d 361, 365 (2009). Accordingly, the trial court did not err in denying wife's continuance request.

### V. Mention of Wife's prior marriages – Wife's sixth assignment of error

Wife argues that the trial court improperly considered her prior marriages, both in awarding spousal support and in fashioning the equitable distribution award. Our holding with respect to the court's award of spousal support makes this assignment of error partially moot. Under the "support" heading of its letter opinion, the trial court wrote that

> Mrs. Russell is nearly 60 years old and has not earned any significant income in many years. Thus she has a great need for support. However, this is her fifth marriage and she has been in situations before where she needed to support herself without a husband's financial assistance.

Code § 20-107.1(E)(9) requires the court to consider each spouse's "earning capacity." In context, it is clear the trial court wrote this portion of its letter opinion as part of its assessment of wife's ability to support herself. Wife stated at trial that "I've been married five times. I've been self-employed since high school. Along the way, I've held real jobs . . . . Despite my four previous marriages, I have spent most of my productive life as a single woman and mother." There is no evidence, however, that wife's prior marriages entered into the court's equitable distribution calculus. We conclude that wife's argument of an improper consideration by the court of her prior marriages is without foundation.

- 16 -

*VI.  Debt – Wife's seventh assignment of error*

Wife argues that the trial court erred in ordering her to reimburse husband $30,000 for his payment of the joint tax liability.  She contends that the debt was the result of husband's failure to timely file his tax returns and that she had the right to file "married filing separately."  We find no error.

The parties did not file income tax returns for 2005 through 2008.  Wife refused to file the tax returns jointly, and instead she filed the returns for those years separately in May 2009.  The deadline for filing the 2009 taxes occurred after the parties separated on January 2, 2010, so wife would not agree to file jointly for 2009.  She also refused to file jointly for 2010.

On appeal, "decisions concerning equitable distribution rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence."  McDavid v. McDavid, 19 Va. App. 406, 407-08, 451 S.E.2d 713, 715 (1994) (citing Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990)).

Pursuant to Code § 20-107.3(A), the trial court "shall determine the nature of all debts of the parties, or either of them, and shall consider which of such debts is separate debt and which is marital debt."  The trial court found that there was a tax liability of approximately $300,000 for the time period of 2006 through 2010.  The tax liability was found to be a marital debt, which has been defined as follows:

> Marital debt is (i) all debt incurred in the joint names of the parties before the date of the last separation of the parties, if at such time or thereafter at least one of the parties intends that the separation be permanent, whether incurred before or after the date of the marriage, and (ii) all debt incurred in either party's name after the date of the marriage and before the date of the last separation of the parties, if at such time or thereafter at least one of the parties intends that the separation be permanent.  However, to the extent that a party can show by a preponderance of the evidence that the debt, or a portion thereof, was incurred, or the proceeds secured by incurring the debt were used, in whole or in part, for a nonmarital

- 17 -

> purpose, the court may designate the entire debt as separate or a
> portion of the debt as marital and a portion of the debt as separate.

Code § 20-107.3(A)(5).

Contrary to wife's argument, the tax debt was incurred during the marriage for a marital purpose. Wife benefitted from husband's income and assets during the marriage. She also presented no evidence that the tax debt was incurred, or that the proceeds secured by incurring it were used, for a non-marital purpose. Therefore, the trial court did not err in finding the tax liability was a marital debt.

When wife chose to file her tax return separately, it resulted in an increase in the joint tax liability. Husband presented evidence from a certified public accountant (CPA) who analyzed husband's tax returns from 2006 through 2009. She calculated the difference in husband's tax liability that resulted from filing the return separately rather than jointly. She testified that, overall, the parties would have saved approximately $92,400 had they filed jointly.[10]

In deciding equitable distribution, the trial court must consider the factors in Code § 20-107.3(E), including factor 7 – "The debts and liabilities of each spouse, the basis for such debts and liabilities, and the property which may serve as security for such debts and liabilities." Here, the trial court considered the debt and the basis for the debt. It also considered wife's ability to pay.

The fact that a spouse has the right under federal law to file separately does not in any way foreclose a state court, in the context of adjudicating a divorce, from considering the deleterious effect of this decision on the marriage. Wife has cited no authority to this effect, and we are aware of none.

---

[10] This amount did not include any penalties or interest incurred.

Based on the record, we conclude the trial court did not err in holding that wife is responsible for $30,000 of the tax liability.[11]

### VII.  Retirement funds – Wife's eighth assignment of error

Wife listed as her eighth assignment of error that the trial court erred in awarding husband "all of the retirement funds earned during the course of the marriage between the parties."  Wife did not present any argument on this issue; therefore, it is waived and will not be considered on appeal.  See Rule 5A:20(e).  "[W]hen a party's 'failure to strictly adhere to the requirements of Rule 5A:20(e) is significant, 'the Court of Appeals may . . . treat a question presented as waived.'"  Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008) (citation omitted).  See also Muhammad v. Commonwealth, 269 Va. 451, 478, 619 S.E.2d 16, 31 (2005) ("Failure to adequately brief an assignment of error is considered a waiver." (citation omitted)).

### VIII.  Attorney's fees and costs

Both parties have requested an award of attorney's fees and costs incurred on appeal.  See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).  On consideration of the record before us, we decline to award either party attorney's fees or costs on appeal.[12]

### CONCLUSION

For the foregoing reasons, the trial court's rulings are affirmed in part and reversed in part.

Affirmed in part, reversed in part, and final judgment.

---

[11] Wife also argues on brief that the trial court erred by allowing an offset against her spousal support award to account for the $30,000 debt she will incur as a result of the court's decree.  Our resolution of the spousal support question renders this issue moot.

[12] Husband raises numerous default arguments in his brief.  Unless specifically addressed in this opinion, we find these arguments to be without merit.

- 19 -

Annunziata, J., concurring, in part, and dissenting, in part.

I join in full parts II through VII of the majority's opinion. I respectfully dissent, however, with regard to part I. On appeal, husband argues the trial court lacked jurisdiction to award wife spousal support. Relying on the Virginia Supreme Court's decision in Harrell v. Harrell, 272 Va. 652, 636 S.E.2d 391 (2006), husband contends that a valid pleading requesting spousal support was not before the court for adjudication after the trial court dismissed wife's bill of complaint. I believe Harrell is distinguishable, both factually and legally, and I would affirm.

In Harrell, the wife's pleading for divorce and support was dismissed because it was not legally effective, having failed to satisfy the statutory criteria required to invoke the court's jurisdiction under Code § 20-91(9)(a). Id. at 654-55, 636 S.E.2d at 393. Specifically, although the wife in Harrell alleged she had been separated from her husband "without interruption for one year," she failed to prove that requisite jurisdictional fact. Id. at 656, 636 S.E.2d at 394. In short, the wife in Harrell had failed to establish a cause of action for divorce. Id. ("'[t]he act relied upon for divorce must be alleged and proved to have occurred prior to the bringing of the suit'" (quoting Beckner v. Beckner, 204 Va. 580, 583, 132 S.E.2d 715, 717-18 (1963))). Absent compliance with the "mode of acquiring and exercising [the] jurisdiction . . . upon which it is conferred . . . by statute, . . . the proceeding will be a nullity." Coleman v. Virginia Stave & Heading Co., 112 Va. 61, 75, 70 S.E. 545, 549 (1911) (citations omitted). See also Smith v. Commonwealth, 281 Va. 464, 467, 706 S.E.2d 889, 892 (2011) ("The court acquires the 'active' jurisdiction *to adjudicate a matter* only when certain additional elements are present" beyond subject matter jurisdiction. (emphasis added)); Ghameshlouy v. Commonwealth, 279 Va. 379, 388-89, 689 S.E.2d 698, 702-03 (2010) ("subject matter jurisdiction, perhaps best understood as the 'potential' jurisdiction of a court, . . . becomes 'active' jurisdiction, *the power to adjudicate a*

*particular case upon the merits*, only when various elements are present" (emphasis added) (citation omitted)). Presented thus with a null proceeding, the Supreme Court of Virginia dismissed Ms. Harrell's bill of complaint for failure to satisfy the statute's jurisdictional requirements. Harrell, 272 Va. at 657, 636 S.E.2d at 394. Ms. Harrell's additional pleadings, filed in an effort to establish the trial court's jurisdiction to adjudicate her divorce and support petitions, were likewise found invalid.[13]

By contrast, wife's bill of complaint for divorce in this matter was not dismissed on jurisdictional grounds; rather, the motion to strike wife's evidence and dismiss her bill of complaint was granted because wife failed to prove her grounds for divorce. Moreover, the trial court expressly exempted wife's pleading for spousal support from its ruling, as demonstrated by the court's statements in the record and by its taking the support issue and the evidence admitted on the issue under advisement for further deliberation and adjudication.

The statutory requirements for the court's jurisdiction to adjudicate spousal support having been met, I would find wife's pleading, under these facts, continued unaffected by the dismissal of her pleadings for divorce. See, e.g., Rochelle v. Rochelle, 225 Va. 387, 391, 302 S.E.2d 59, 62 (1983) ("The court's jurisdiction, once properly invoked, is not lost because a part of the claim on which it was based is later found to lack merit."). See also Erickson-Dickson v. Erickson-Dickson, 12 Va. App. 381, 388, 404 S.E.2d 388, 392 (1991) ("[w]hen a court acquires jurisdiction over the subject matter and over the person, the court retains jurisdiction until the

---

[13] Ms. Harrell's amended bill of complaint was dismissed because she did not seek leave of court to file an amended pleading, as required by Rule 1:8. Harrell, 272 Va. at 657, 636 S.E.2d at 394. She filed a motion for *pendente lite* relief, but that motion was insufficient for a permanent spousal support award pursuant to Code § 20-107.1. Id. She also filed an "omnibus motion" and requested that her amended bill of complaint be considered an answer to the cross-bill and that all of her previous pleadings be considered for a permanent spousal support award. Id. The trial court did not rule on the "omnibus motion," and Ms. Harrell did not object to the trial court's failure to rule on the motion. Id.

matter before it has been fully adjudicated" (citing Laing v. Commonwealth, 205 Va. 511, 514, 137 S.E.2d 896, 899 (1964))); 20 Am. Jur. 2d Courts § 100 (2014) ("The jurisdiction of a court is continuing; once a court has acquired jurisdiction of a case, its jurisdiction continues until the court has done all that it can do to exercise that jurisdiction to determine, subject to appellate review, all the issues involved and to grant such complete relief as is within its jurisdictional power to grant.").

Thus, the trial court had before it a valid pleading for support that set forth facts warranting the relief sought, provided husband due process notice "of the nature and character of the claim," Boyd v. Boyd, 2 Va. App. 16, 19, 340 S.E.2d 578, 580 (1986), and that was explicitly retained under advisement by the trial court for disposition pursuant to Code § 20-107.1.[14] Subsequently, upon awarding husband a divorce based on his cross-bill,[15] the trial court awarded wife spousal support on the ground that wife had raised it as an issue in her pleadings, she had a need for spousal support, and husband had the ability to pay. I would find no error.

Considering this opinion, I would not find that wife's first, second, fourth, and part of her sixth assignments of error would be moot. However, I would affirm the trial court's rulings.

The trial court awarded wife spousal support as follows: $5,000 per month for twelve months, $3,000 per month for the following twelve months, and then $1,500 per month for twelve months thereafter. Wife argues that the trial court erred by awarding her spousal support

---

[14] Pursuant to Code § 20-107.1(A), "upon the entry of a decree providing . . . for a divorce . . . [or] that neither party is entitled to a divorce, . . . the court may make such further decree as it shall deem expedient concerning the maintenance and support of the spouses." See Rowand v. Rowand, 215 Va. 344, 210 S.E.2d 149 (1974) (finding that neither party is entitled to a divorce and reversing the decree of divorce to wife, but allowing the award of alimony to wife to remain).

[15] In its final decree, which incorporated the court's letter opinion, the court explained it dismissed wife's complaint on a motion to strike the evidence, because "she failed to offer any evidence supporting the entry of a Final Decree of Divorce."

for a limited time and in tapering amounts. She contends her need for spousal support is not going to decrease over time, and husband has the ability to pay. She also asserts the trial court erred when it considered her marital history in fashioning a spousal support award.

"'In reviewing a spousal support award, we are mindful that the trial court has broad discretion in awarding and fixing the amount of spousal support. Accordingly, our review is limited to determining whether the trial court clearly abused its discretion.'" West v. West, 53 Va. App. 125, 130-31, 669 S.E.2d 390, 393 (2008) (quoting Miller v. Cox, 44 Va. App. 674, 679, 607 S.E.2d 126, 128 (2005)).

In order to establish a foundation for a spousal support award, a trial court must consider the factors in Code § 20-107.1(E). However, it is not "required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors." Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986).

To determine the wife's need in this case, the trial court reviewed the statutory factors and found that the parties "established a very high, if not wasteful, standard of living during their marriage." However, the court considered the standard one that "could not continue to be maintained." Some of wife's expenses were found to be "unrealistic or inflated." The court further noted that wife had "few remaining legally enforceable obligations, compared to the husband," as a result of her bankruptcy filing.

By inference, the court concluded wife would be able to earn income and support herself in the future. Wife had asserted in testimony she "had business skills and the ability to support herself,"[16] and the court considered testimony from husband's vocational expert that wife was capable of working, whether for an employer or self-employed, and that she could earn between

---

[16] Although the trial judge viewed this assertion as "perhaps" unrealistic, it was not treated without some weight.

$25,000 and $40,000, depending on her experience. The court further noted that wife "had been in situations before where she needed to support herself without a husband's financial assistance," this marriage being her fifth.[17] However, the trial court also weighed evidence to the contrary and found that wife had not earned "any significant income" in several years, had health complaints, and was nearly sixty years of age. Accordingly, the court concluded that wife had established a "great" need for support, but that she would be able to support herself in time. Husband's ability to pay was established by the evidence of the high income he earned, but the court concluded "it would be unreasonable to require a lengthy period of significant spousal support," in light of husband's burden, imposed by the court, to pay the marital debt and in light of the significant spousal support husband had paid *pendente lite*. I cannot conclude that the premises upon which the court made its spousal support award of limited duration "are sufficiently uncertain to render the defined duration award speculative" and improper. Torian v. Torian, 38 Va. App. 167, 185, 562 S.E.2d 355, 364 (2002).

Lastly, wife argues on appeal that the evidence failed to establish her need for spousal support or that husband's ability to pay would decrease in the future. As we pointed out in Torian, such "possibilities [are] inherent in many spousal support situations," and they were contemplated by the Virginia legislature. Id. at 184-85, 562 S.E.2d at 364. Nonetheless, "the legislature decided that defined duration awards are appropriate in at least some of these circumstances." Id. at 185, 562 S.E.2d at 364; see also Bruemmer v. Bruemmer, 46 Va. App.

---

[17] The trial court's reference to the wife's earlier marriages related to the court's determination of the extent to which the wife had evidenced any ability to support herself, an issue raised by wife's request for spousal support. As such, the reference was relevant, contrary to wife's contention on appeal. See Evans-Smith v. Commonwealth, 5 Va. App. 188, 196, 361 S.E.2d 436, 441 (1987) ("'Evidence is relevant if it tends to establish the proposition for which it is offered. Evidence is material if it relates to a matter properly at issue.'" (quoting C. Friend, The Law of Evidence, § 134 (2d ed. 1983))).

205, 616 S.E.2d 740 (2005) (the Court upheld a trial court's tapering, defined duration spousal support award).

Based on the foregoing, I would conclude that the trial court did not abuse its discretion in awarding a defined duration spousal support award that decreased in the amount over time.

Furthermore, since I agree with the majority that the trial court did not violate the bankruptcy order when the trial court issued its equitable distribution ruling, I would find that the trial court did not err in determining spousal support. It considered all the factors in Code § 20-107.1(E), including factor 8 regarding equitable distribution, when it determined the amount and duration of spousal support.